STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT, Plaintiff, v. IDA SOLOMON et al., Defendants.

Supreme Court, Special Term, Queens County, April 11, 1949.

*Charles Kramer* for defendants.

*Thomas J. Brady* for plaintiff.

C. A. JOHNSON, J. Motion for judgment dismissing the complaint herein, pursuant to rule 106 of the Rules of Civil Practice, as failing to state a cause of action, denied.

The complaint alleges that the plaintiff, an insurance company, heretofore issued to the defendants a policy of liability insurance covering a certain Packard automobile, which policy contained an agreement and provision that in consideration of its being written at a reduced premium, the defendants agreed that the automobile should be operated only by certain named persons and that if injury was caused to any person while the automobile was being operated by other than the persons named and as a result the plaintiff became obligated to make payments by reason of the provisions of subdivision 2 of section 167 of the Insurance Law, the insured would reimburse the company for any such payment. The complaint further alleges that during the lifetime of the policy while the automobile was being operated with the permission of the defendants by an operator not named in the policy, injuries were sustained by a person struck by the automobile through the negligence of such operator and the plaintiff company was compelled to pay moneys in settlement of the claims of the injured person. The complaint seeks judgment against the defendants for the amount paid by the plaintiff.

The defendants urge, in reliance upon *Travelers Ins. Co.* v. *Russo* (155 Misc. 589), that the complaint must be dismissed.

It was said by the Court of Appeals in *Bakker* v. *Ætna Life Ins. Co.* (264 N. Y. 150) that the statutory provision now constituting subdivision 2 of section 167 of the Insurance Law was enacted for the benefit of persons injured by automobiles. In the light of this decision, this court is unable to agree with the result at which the court arrived in *Travelers Ins. Co.* v. *Russo* (*supra*). There is no statute which prohibits an insurance company from attempting to indemnify itself in the manner described in this complaint. A policy containing these provisions is not an evasion of the law, but a compliance with it and no consideration of public policy is involved in the inclusion of such provisions in a policy.

Submit order.