Harold Tessler, J.
Defendant moves to dismiss the complaint for legal insufficiency. Plaintiff cross-moves for summary judgment.
In this action plaintiff insurer seeks reimbursement from defendant insured for the sum of $14,000 which the former paid out in settlement of an action to recover damages for personal injuries brought on behalf of one Cosgrove against defendant as owner of an automobile and his son as operator.
In his application for insurance defendant stated that there were no drivers in his household under the age of 25 years. In his moving affidavit on this application defendant avers that at the time he applied for insurance his son was under the age-of 18 years, did not have a license to drive and did not drive. After the execution of the application for insurance, but prior to the issuance of the policy at bar, plaintiff advised defendant, by letter, that there was “ a potential youthful driver ” in his household and that defendant would be required to give plaintiff 20 days’ notice prior to permitting any person in his household under 25 years to drive. Defendant signed his name to this letter following the word ‘ ‘ Accepted ’ ’. Defendant states that at the time of the occurrence giving rise to the Cosgrove action his son was over 18 years of age and had a license to drive. Defendant did not give plaintiff notice of the fact that his son was permitted to drive.
The policy contains the following provision: “ eotanoial responsibility laws: When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance *287 as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.” Plaintiff contends that this provision should be construed as meaning that in return for plaintiff’s compliance with the law under which the policy is certified as proof of financial responsibility, i.e., the New York Motor Vehicle Financial Security Act (Vehicle and Traffic Law, § 310 et seq.) (hereinafter: Financial Security Act), defendant shall reimburse plaintiff for any payment it made which it would not have been obligated to make were there no such law. Plaintiff, citing Teeter v. Allstate Ins. Co. (9 A D 2d 176, affd. 9 N Y 2d 655), urges that it would not have had to pay the Cosgrove claim had there been no Financial Security Act and that, consequently, the reimbursement provision is squarely applicable.
The court is of the opinion that the reimbursement provision is inapplicable. In Teeter v. Allstate Ins. Co. (supra) it was held that the Financial Security Act prevents an insurer from canceling a policy of automobile liability insurance other than prospectively, after the giving of 10 days’ prior notice (now 20 days except in the case of nonpayment of premium — in such case 10 days), even if such policy were issued on the strength of the insured’s fraudulent misrepresentations. Obviously, then, a third-party claimant would be protected if the occurrence giving rise to his claim took place prior to the expiration of the period of notice. It is, however, unnecessary to reach the question of plaintiff’s right to cancel a policy or disclaim coverage for fraud in the absence of the Financial Security Act since the complaint herein does not allege fraud nor do plaintiff’s supporting papers contain facts indicating the existence of fraud. (See CPLR 3211, subds. [c], [e].) Plaintiff would have been obligated to pay the Cosgrove claim whether or not the Financial Security Act were in force. Once having issued its policy, it was bound to insure the named insured against liability arising out of the negligence of any person driving with his permission, notwithstanding any agreement to limit such obligation. (Insurance Law, § 167, subd. 2; § 143, subd. 1; cf. Bakker v. Ætna, Life Ins. Co., 264 N. Y. 150.)
In the foregoing analysis, the court has adopted plaintiff’s own construction of the paragraph containing the reimburse *288 ment provision. It would seem, however, that said paragraph could confer no rights upon plaintiff in any event. It provides for reimbursement in a case where plaintiff would not have been obligated to pay the claim of a third party “ except for the agreement ” contained therein. There does not appear to be any meaningful agreement contained therein since plaintiff’s duty to comply with the Financial Security Act arises by operation of law.
Defendant’s motion is granted. Plaintiff’s cross motion is denied as moot.