ÆTNA CASUALTY AND SURETY COMPANY, Plaintiff, *v.* WORLD WIDE RENT-A-CAR, INC., et al., Defendants.

Supreme Court, Special Term, New York County, December 30, 1966.

*Allen M. Taylor* and *William H. Williamson, Jr.,* for plaintiff. *Cymrot, Wolin & Simon* for World Wide Rent-A-Car, Inc., defendant. *Smith & Formidoni* for Sun Insurance Company of New York, defendant. *S. Paul Fishman* for Joseph L. Jordan, defendant. *Mehrmann & Hall* for Joseph Cattano and another, defendants.

GEORGE TILZER, J. Plaintiff moves for summary judgment. Plaintiff brings this action for a judgment declaring that the defendant World Wide Rent-A-Car, Inc., is obliged to defend and to pay.

Plaintiff issued a family auto insurance policy to the defendant Peter Cattano. Defendant Lifetime Pools Equipment Corp. leased the subject motor vehicle from defendant World Wide, its owner. World Wide is self-insured. Consequently its coverage extends to the minimum standard requirements of the Insurance Law. The car was used by the personnel of Lifetime. Its president, the defendant Peter Cattano, permitted his infant son, the defendant Joseph Cattano, to use the car when the accident occurred. Defendant Sun Insurance Company of New York issued its policy to Lifetime covering nonowned cars, and in the circumstances here that policy is excess insurance. The infant defendant came into collision with a car operated by the defendant Joseph L. Jordan who instituted action against Joseph Cattano, World Wide and Lifetime. Under the lease between World Wide and Lifetime the subject car was to be operated by a licensed person not under the age of 21. The Insurance Law requires as to each policy issued that it meet standard minimum requirements and without regard to the

legality of operation or age of the operator (Insurance Law, § 167). No lease arrangement may nullify the Insurance Law requirements which are deemed a part of every policy issued (*Stuyvesant Ins. Co.* v. *Rinaldo*, 41 Misc 2d 285; *Standard Acc. Ins. Co.* v. *Solomon*, 195 Misc. 48).

Plaintiff's policy issued to Peter Cattano insured him as to a nonowned vehicle with respect to " any relative, but only with respect to a private passenger automobile or trailer, provided the actual use thereof is with the permission of the owner." World Wide is the registered owner of the subject vehicle, and under sections 128 and 388 of the Vehicle and Traffic Law, the lessee, Lifetime, is also regarded as the owner with respect to liability for negligence. Such ownership extends to Lifetime under its lease with World Wide. As such owner, Lifetime gave permission to the infant defendant to use the subject vehicle. Liability thus would follow under the Vehicle and Traffic Law. However, under the Insurance Law and the policy, ownership of the leased vehicle remained in World Wide (*Singerman Bus Corp.* v. *American Fid. Fire Ins. Co.*, 44 Misc 2d 4). Consequently, as to plaintiff, its policy does not come into effect, since a nonowned car was used without the permission of World Wide, the owner. World Wide's coverage of its car is other insurance under plaintiff's policy, which in that circumstance is excess insurance.

Finally, had the subject car been delivered into the possession of Lifetime for its use for 30 days without the limitations expressed in the lease, there would be no question about the conclusions reached. They are not affected by private agreement as to use and its consequence, save perhaps to furnish a basis for contractual indemnity. The motion is granted.