Joseph A. Suozzi, J.
This is a proceeding to adjudicate the validity of a disclaimer of liability by Liberty Mutual Insurance Company. The following facts were stipulated to and agreed upon by the attorneys for the claimant and respondent.
On January 14, 1967, claimant Kevin Peters was a passenger in an automobile involved in an accident, which was owned by Ford Motor Company, and leased by Command-Lincoln Mercury Corp. to one Edward Cassidy and operated by Cassidy’s 17-year-old son Gregory, with his knowledge and consent. Claimant was injured and commenced an action for personal injuries against the above-named individuals and corporations.
Liberty Mutual Company, the liability carrier for Ford, Command and the Cassidys, disclaimed liability, alleging that Edward Cassidy violated the rental agreement by permitting his 17-year-old son to operate the said auto. As a result of the disclaimer, claimant made claim for arbitration and indemnification under the uninsured motorist endorsement of the policy issued by State Farm Mutual, respondent herein, to claimant’s mother, Lucille Peters.
Claimant also presented his claim to the insurance carrier covering Edward Cassidy, to wit, Government Employees Insurance Company (hereinafter refered to as “ GEICO ”), under its Family Automobile policy and said carrier disclaimed liability on the ground that the auto involved herein is not owned by Edward Cassidy and was operated without the owner’s permission.
The arbitration proceeding has been stayed pending adjudication of the validity of Liberty Mutual’s liability disclaimer. *739 Ford Motor Company, Command-Lineoln Mercury Corp., Liberty Mutual Insurance Company and GEICO are not parties to the instant proceeding.
Claimant introduced into evidence a specimen of GEICO’s family auto policy and respondent introduced into evidence the lease agreement and a specimen of Liberty Mutual’s auto policy. The lease agreement contains the following language: “No person under 25 years of age is permitted to drive this car.” Liberty Mutual’s policy contains no such restrictive language.
Respondent argues that the disclaimer is invalid since an auto liability insurance carrier is obligated to insure a named insured against liability arising from the negligence of any person driving with the permission of the named insured, notwithstanding any lease agreement to limit such obligation.
It is the opinion of this court that the age limitation contained in the lease agreement is a private agreement between the lessor and lessee, possibly to furnish a basis for contractual indemnity. It cannot nullify the Insurance Law requirements, which are deemed a part of every policy issued (Insurance Law, § 143, subd. 1). Assuming that such an age restriction was contained in the insurance policy issued, it would be unenforceable in any event in view of standard minimum statutory requirements. A carrier once having issued its policy is bound to insure the named insured against liability arising out of the negligence of any person driving with his permission, notwithstanding any agreement to limit such obligation. (See Insurance Law, § 167, subd. 2; Stuyvesant Ins. Co. of N. Y. v. Renaldo, 41 Misc 2d 285; Ætna Cas. & Sur. Co. v. World Wide Rent-A-Car, 52 Misc 2d 552, mod. 28 A D 2d 286.)
Based upon the facts and a review of the law and cases cited herein, it is the opinion of this court that Liberty Mutual’s disclaimer is invalid and that said company would be required to defend the claim against its insured or pay any judgment against the defendants herein arising out of the accident sued upon herein. However, since Liberty Mutual is not a party to this proceeding, this court can make no binding or effective direction as against said carrier. This court’s jurisdiction is limited, therefore, to holding that the claimant has not established that Edward Cassidy and George Cassidy were uninsured at the time of the accident and that the claimant herein is not entitled to the arbitration of his claim as against the respondent.
This constitutes the decision of the court pursuant to CPLR 4213 (subd. [b]).