Sol Waghtler, J.
In this action the plaintiffs seek a judgment of this court declaring that a liability policy issued by the defendant Government Employees Insurance Company, hereinafter called GEICO, covers the plaintiff Farmingdale Fire District as an unnamed insured under the terms of the policy.
*979 The defendant May was a volunteer fireman who, while responding to a fire alarm in a passenger vehicle which he owned, became involved in an accident with a car owned and operated by the defendant Kenneth Goss. As a result of the accident, the defendant Barbara Goss, a passenger in the car operated by her husband, Kenneth, sustained bodily injury. An action is .pending in this court to recover damages for these claimed injuries, with the plaintiffs in that action seeking to impose liability upon both the defendants May and the fire district. Liability is sought to be imposed as against the fire district inasmuch as the defendant May is claimed to have been acting within the scope of his duties as a volunteer fireman at the time of the accident.
At the time of the accident, the fire district was also insured under a policy of liability insurance which, among other things covered the liability of the fire district for nonowned vehicles. This policy was issued by the plaintiff Travelers Indemnity Company, which seeks the further judgment of this court declaring that the said policy would be excess insurance under the GEICO policy.
The first question to be determined by the court is whether or not the GEICO policy provides coverage for the fire district. Part I of the policy in question provides coverage for the liability of the insured for bodily injury and property damage, with the policy defining the persons insured. There seems to be no doubt that the owner and operator of the vehicle, the defendant May, is a named insured and entitled to coverage. It would also appear, and the court so finds, that the fire district is also insured under subdivision (c) of the definitions of the persons insured which defines as an insured, “ any other person or organization legally responsible for the use of (1) an owned automobile ”. Under further definition, the term 1 ‘ owned automobile ’ ’ would ibe the vehicle described in the policy which was owned and operated by the defendant May.
Since the tort action seeks to impose liability against the fire district by virtue of the allegation that May was using the automobile with in the scope of his duties as a volunteer fireman, the fire district would clearly be an additional insured under the policy.
Defendants argue that a reading of section 205-b of the General Municipal Law would compel a contrary conclusion. Pursuant to this section, it is their contention that:
(1) Since May was a volunteer fireman and a member of the fire district responding to an alarm at the time of the accident, he would be exempt from liability; and
*980 (2) Since the section explicitly states that the fire district would be liable for the operation of vehicles owned by them, it would exclude liability for nonowned vehicles (Mott v. Baldwin Fire Dept., 257 N. Y. S. 2d 630). The argument follows that, inasmuch as the fire district could not be liable under the statute, it cannot be considered an additional insured under the terms of the policy as a “ person * * * legally responsible for the use of ’ ’ the automobile.
Section 205-b of the General Municipal Law does indeed limit the liability of a volunteer fireman in connection with duty-related accidents. This would apply whether he was operating his vehicle or a vehicle owned by the fire district. In addition the statute has the effect of imposing liability against the fire district where the vehicle is owned by the district. The statute is silent, however, as to the liability of the district in connection with vehicles owned by another. It is true that under the Mott case (supra) the court held that there could be no liability on the part of the fire district under section 205-b when the operated vehicle is not owned by the district ; however, that case unlike the one at bar was concerned with the imposition of liability and not the meaning and coverage of an insurance policy.
'The time will undoubtedly come, during the course of the pending tort action, when section 205-b of the General Municipal Law will be evoked to determine ultimate liability. However, whether or not this liability can be imposed against either the fire district, or the defendant May, presents an issue not to be determined in this action, which is, as previously stated, concerned with contractual interpretation and obligation.
It is the finding of this court that GEICO issued an insurance policy which, by its terms, insured not only the defendant May but also the fire district which was “a person * * *
legally responsible for the use of ” the vehicle. The responsibility of the district flows from the fact that the vehicle was being operated at the time of the accident by the defendant May in furtherance of his duties as a fireman and on behalf of the district. In fact, it was on this- basis that the district was named as a defendant in the tort action. GEICO, in this action, cannot take advantage of section 2054b of the General Municipal Law. It obligated itself to defend and to pay and there is no exclusion in its policy, nor is this court inclined to read the same into the policy by implication of law.
Both the GEICO and the Travelers policies contain provisions concerning coverage in the event there is other insurance. Both policies provide that in such event their policy shall be *981 coinsurance, provided however that insurance with respect to a temporary or nonowned automobile shall be “ excess insurance ”. Since the GEICO policy names the vehicle and defines it as the owned vehicle, it is the primary insurer. Travelers, which insures under a nonownership clause, is excess insurance. (Aetna Cas. & Sur. Co. v. Worldwide Rent-A-Car, 52 Misc 2d 552.)
A judgment will be entered declaring that the GEICO policy covers the plaintiff Farmingdale Fire District for and on account of the claim being made by the defendants Goss. And in addition, that said policy is a primary insurance up to the limits thereof. Further, that the policy issued by the Travelers Indemnity Company is excess insurance over and above the limits of the GEICO policy.