Alexander Berman, J.
This is an action for declaratory judgment in which the parties have stipulated as to the pertinent facts hereinafter set forth.
Max Carasso, one of the defendants in this action, sustained personal injuries when, as a pedestrian, he was crossing a street in the City of New York on February 3, 1969, and was struck by an automobile owned by the defendant, Queens Auto Sales, Inc., and operated by one Charles Sternberg, one of the plain *656 tiffs. Said Carasso and his wife have brought suit for personal injuries and loss of services, which action is now pending ip another court. The automobile involved in this accident had been rented by defendant, Queens Auto Sales, Inc., to one Bonnie Sternberg, whose own automobile was being repaired and was not available to her. She permitted her son, the coplaintiff, Charles Sternberg, then 23 years of age, who resided with her, to operate this rented vehicle.
Liberty Mutual Insurance Co., one of the defendants herein, insured the rented vehicle, but disclaimed liability as to Charles Sternberg, one of the defendants against whom the personal injury action was brought, contending that the policy of insurance issued to its assured, Queens Auto Sales, Inc., did not provide coverage for him, and as stated in its letter of disclaimer, since he was ‘ ‘ not operating the vehicle with the permission of the owner at the time of the accident.” This letter suggested that the plaintiff, State Farm Mutual Automobile Insurance Company, which had issued insurance on his mother’s automobile “ may provide coverage to you for this accident.” Plaintiff, State Farm, concedes that .such a policy was in effect and that it insured the coplaintiff’s mother, Bonnie Sternberg, under a standard policy provision relating to the use of nonowned automobiles, but contends that its coverage is secondary under its policy conditions, which provide, inter alia: “ (b) The insurance with respect to a temporary substitute automobile, a trailer and a non-owned automobile shall be excess over other collectible insurance.”
The defendant, Liberty Mutual, relies upon a provision in the rental agreement made between Queens Auto Sales, Inc. and Bonnie Sternberg which limits the use of the automobile to the lessee and other qualified drivers named by lessee. It contends that since plaintiff, Charles W. Sternberg, was not named in the form, the rented vehicle, therefore, was being operated without its consent.
Subdivision 1 of section 388 of the Vehicle and Traffic Law makes the owner liable for injuries resulting from negligence in the -use and operation of a vehicle ‘ by any person using or operating the same with the permission, express or implied, of such owner.” This section has been broadly construed. “ The business of leasing automobiles has assumed a widespread and growing role in our economy. The restrictions laid down by the dealer affect the use of many automobiles, not one; and the restrictions continue over the period of the ownership of those automobiles by the déaler in his business, not for the temporary *657 loan by an individual owner to a relative or friend. To the extent that these restrictions render ineffectual the purpose of the statute, the third parties who are injured by the negligence of the lessee are left remediless. We have already made clear in Barnes v. Shut Private Gar Serv. (35 A D 2d 841) that considerations of public policy will prevent the evasion of the statutory liability of a party leasing cars for profit through the attempted device of conditions on use which in truth run counter to the realities and disguise the transaction.” (Cooperman v. Ferrentino, 37 A D 2d 474, 477.)
It is conceded that plaintiff, Charles Sternberg, received permission from his mother, Ronnie Sternberg, the renter of the vehicle to operate it, and therefore, since he was in lawful possession thereof, it must be presumed that he had at least implied permission from the owner, Queens Auto Sales, Inc., as well. Queens Auto Sales cannot legally restrict the use of a car which it rents so as to interfere with the rights of one who may be injured by reason of the operation of such vehicle. If this were not so, section 388 of the Vehicle and Traffic Law would be rendered meaningless. “A carrier once having issued its policy is bound to insure the named insured against liability arising out of the negligence of any person driving with his permission^ notwithstanding any agreement to limit such obligation. (See Insurance Law, § 167, subd. 2; Stuyvesant Ins. Co. of N. Y. v. Renaldo, 41 Misc 2d 285; Aetna Cas. & Sur. Co. v. World Wide Rent-A-Car, 52 Misc 2d 552, mod. 28 A D 2d 286; Matter of Peters [State Farm Mut. Ins. Co.], 58 Misc 2d 738.)
The court determines that the disclaimer by the defendant, Liberty Mutual Insurance Co., is invalid and ineffective, for the reasons above stated, and judgment is rendered, with costs, in favor of the plaintiffs against the defendants, as follows:
Liberty Mutual Insurance Co. is obligated to defend the said Charles W. Sternberg in connection with the lawsuit now pending against him and to pay any judgment which may be recovered against him as a result of said lawsuit, to the extent of its policy limits.
Plaintiff, State Farm Mutual Auto Insurance Co., shall pay for any loss, if any, over and above the said policy limits, but said State Farm is not required to furnish Charles W. Stern-berg any defense to the pending action against him.
Any stay heretofore issued in this matter is hereby terminated.