### (July 21, 1975)

ALLSTATE INSURANCE COMPANY, Respondent, v TRAVELERS INSURANCE COMPANY, Appellant, et al., Defendants, and BLACK CLAWSON Co., Respondent.—In a declaratory judgment action, appellant Travelers Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, dated January 17, 1975, as (1) granted plaintiff's motion for summary judgment against Travelers, (2) held that plaintiff was entitled to a judgment declaring that Travelers must defend defendant Harry C. Hager, Jr., in a certain action and (3) adjudged that said Hager is an "additional insured" under the policy issued by Travelers to defendant National Car Rental System. Order modified, on the law, by deleting from the third decretal paragraph the word "additional". As so modified, order affirmed insofar as appealed from, without costs. In *MVAIC v Continental Nat. Amer. Group Co.* (35 NY2d 260), the Court of Appeals held that an insurer issuing a standard liability policy to an automobile rental company may not disclaim financial responsibility for the negligence of a person operating a rented vehicle with the express permission of the lessee and in violation of a private rental agreement between the rental agency and the lessee. The plaintiff in the underlying negligence action was a passenger in the rented vehicle which, at the time of the accident, was being driven by one Sills with the permission of the absent lessee, one Anderson. In the case at bar, plaintiffs in the underlying negligence action are the lessee himself, defendant John F. McInnis, and his wife. At the time of the accident, McInnis was a passenger in the rented vehicle which was being driven, with the lessee's permission but in violation of the rental agreement, by Hager, a business associate. The issue then is whether the rule of the *Continental* case *(supra)* requires the lessor's insurer, Travelers, to insure and defend Hager, the allegedly negligent driver, in the personal

injury action by the lessee-passenger, McInnis. We answer this question in the affirmative on the ground that the nonnegligent lessee-passenger is equally entitled, with the third-party victim, to the benefits of the public policy that victims of automobile accidents should have recourse to a financially responsible defendant. (The defendant driver at bar is, in fact, insured under a policy covering his own automobile but, as we noted in *Allstate Ins. Co. v Dailey* [47 AD2d 375], our determination must be based on reasoned principles.) If, as stated by the Court of Appeals in *Continental, it is* foreseeable and inevitable that rental vehicles will be involved in their fair share of accidents, and that some of them will be operated in violation of a restrictive lease agreement, it is just as foreseeable and inevitable that the injured party may be the lessee-passenger and not a third-party. The lessee-passenger is certainly not a "wrongdoer" in the context of the underlying negligence action, unless he has been guilty of negligently entrusting the vehicle to another's operation, in which event he would presumably be denied recovery. Indeed, one could postulate many factual situations in which the lessee-passenger's decision to allow another to drive would be totally consistent with the exercise of due care and would possibly even have diminished the chance of an accident. We need not now determine what rights, if any, National, or Travelers as its subrogee, may have against the lessee for the alleged violation of any agreement, a question similarly left open in *Continental*. We do, however, agree that the insurance coverage afforded Hager by Travelers should be equal to that which would have been afforded the lessee had the latter been operating the rental vehicle at the time of the accident. The limits of coverage, as indicated in the rental agreement at bar, should thus be $100,000 for each person in each accident. By denominating Hager an "additional insured" under the Travelers' policy, Special Term has inadvertently afforded Hager coverage equal to that given the lessor, National Car Rental System. Hopkins, Acting P. J., Martuscello, Latham and Brennan, JJ., concur; Munder, J., dissents and votes to reverse the order and deny the motion, with the following memorandum: As broad as the language was in *MVAIC v Continental Nat. Amer. Group Co.* (35 NY2d 260), e.g., that restrictions in rental agreements similar to the one at bar violate the public policy of the State and that insurers will not be permitted to rely upon them to avoid responsibility, I do not believe the rule was intended to apply in a case where the one seeking to avoid the restriction is the lessee himself. This creates the anomalous situation in which the lessee who agrees to abide by the terms of the rental agreement is not only actually present when the agreement is breached but, in fact, intentionally and knowingly participates in the breach and, when he is injured by reason of the negligence of the one he permitted to drive the rented vehicle, the lessor is nonetheless deemed to have given constructive consent to such operation, despite its being in violation of the lease. To me, such a result is an appeal to "legal fiction" rather than a rejection thereof. I can understand efforts to protect innocent "third parties" from overly restrictive rental provisions, but not the participating lessee himself. The court in the *Continental* case *(supra,* p. 265), indicated that its holding was intended to further the public policy that victims of automobile accidents should have recourse to a financially responsible defendant. Here, the injured lessee has recourse against the allegedly negligent operator of the vehicle in which he was a passenger. That operator *is* financially responsible; he *is* covered by plaintiff with respect to this accident and, therefore, the public policy is being honored. Nothing is to be gained by extending the *Continental* rationale to this case. Apart from the above view, I cannot

agree with the majority's modification of the third decretal paragraph of the order by deletion of the word "additional". The policy is not included in the record on appeal and I do not see how we can set any limits on liability without it.