Per Curiam.
 

 The order of the Appellate Division should be modified.
 

 We agree with the majority at the Appellate Division that the rule in
 
 Motor Vehicle Acc. Ind. Corp. v Continental Nat. Amer. Group Co.
 
 (35 NY2d 260) requires that the lessor’s insurer defend and indemnify the allegedly negligent operator of the rented automobile in the personal injury action brought by the lessee-passenger, and we do so for the reasons articulated in
 
 Continental
 
 and at the Appellate Division. The lessor’s insurer is not relieved of responsibility by the circumstance that the claimant is a lessee who violated an express restriction in the rental agreement in permitting an unauthorized operator to drive the rented motor vehicle. In our view the legal relationship between the lessor and the lessee is discrete and independent of the obligations of the insurer under the policy of insurance. Thus we also agree with the Appellate Division that it would now be inappropriate on the record before us to consider what rights, if any, the lessor may independently have against its lessee in consequence of any violation of the restrictive provision of the rental agreement between them. Similarly the scope of consent for purposes of the Vehicle and Traffic Law (§ 388) and the scope of contractual permission under the automobile rental agreement are discrete and independent, at least in connection with commercial automobile rentals if the realities and exigencies of commercial automobile rentals are recognized. Finally, however, we do not agree with the majority at the Appellate Division with respect to its determination as to the limits of coverage for which the lessor’s insurer will be liable. The nature and extent of the lessee’s claim in the underlying personal injury action cannot be assessed prior to the conclusion of that action. In view of this circumstance and the fact that the respective insurance policies are not in the record, we conclude that we may not now properly address either this question of extent of coverage or any issue with respect to the ultimate division, if any, of responsibility between the insurer
 
 *786
 
 for the lessor and the insurer for the operator as an individual.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke conur in
 
 Per Curiam
 
 opinion.
 

 Order modified, with costs to respondents, in accordance with the opinion herein and, as so modified, affirmed.