◼ Tom Sawyer Country Day School, Respondent, v Providence Washington Insurance Co. et al., Appellants, and Jennifer Weinstein and Another, Infants, by Their Mother and Natural Guardian, Barbara Weinstein, et al., Respondents, et al., Defendants. — In an action for a declaratory judgment, defendants Providence Washington Insurance Company and White Carriage Corp., appeal from a judgment of the Supreme Court, Nassau County (Delin, J.), entered March 7, 1984, which, after a nonjury trial, determined, *inter alia,* that defendant Providence Washington Insurance Company's attempted disclaimer of coverage as to plaintiff Tom Sawyer Country Day School and its employee David Honig is invalid, and that the defendant insurer is obligated to defend the plaintiff and Honig in all actions for personal injuries arising out of a July 30, 1980 motor vehicle accident.

Judgment affirmed, with costs.

In the summer of 1980, plaintiff Tom Sawyer Country Day School (hereinafter plaintiff) operated a day camp. Defendant White Carriage Corp. (hereinafter White) was in the business of leasing minibuses or vans. On June 30, 1980 defendant White entered into a written lease with plaintiff, whereby White leased two vehicles, including a 1973 van, to plaintiff for a term of eight weeks. The lease included a provision that the lessor would provide automobile liability insurance, and that the lessee was obligated to comply with the terms and conditions of the insurance policy "including the immediate reporting of all accidents to Lessor and Insurer". With respect to the use of vehicles, the lease provided that: "Lessee shall permit only safe, careful, licensed and authorized drivers to operate the vehicles. All such drivers shall be between twenty-one (21) and sixty (60) years of age * * * Lessee shall not permit any vehicle to be used in violation of any Federal, State or municipal statutes, laws, ordinances, rules or regulations".

Defendant Providence Washington Insurance Co. (hereinafter Providence) issued a policy of insurance to White, as named insured, covering the vehicles leased by the plaintiff. The insurance policy contained a provision that "[a]nyone" was insured who used the vehicles with the owner's permission. Public Service Mutual Insurance Company (hereinafter Public Service), a nonparty to this action, issued a liability insurance policy to plaintiff covering the camp.

Defendant David Honig was employed by plaintiff as a summer camp counselor and as a driver for the leased 1973 van to transport children to and from the day camp and their homes. At the time Honig was interviewed, plaintiff knew that he was only 19 years old and had a class 5 driver's license.

On July 30, 1980, an accident occurred while defendant Honig was operating the 1973 leased van, resulting in injuries to several of the infant passengers. Plaintiff reported the accident directly to the defendant lessor White. Defendant Barbara Weinstein, on behalf of herself and her children, the defendants Jennifer and David Weinstein, commenced a negligence action against plaintiff, its employee David Honig, and White. Plaintiff turned over various summonses and complaints concerning a number of lawsuits brought on behalf of injured children, including the Weinsteins, to Public Service, which had issued the liability insurance policy covering its day camp.

White's insurer, Providence, disclaimed all coverage and refused to defend and indemnify plaintiff and its employee with respect to the accident. Accordingly, in November 1980, plaintiff commenced the instant action for a declaratory judgment determining the issue of whether Providence was obligated to defend and/or indemnify plaintiff and its employee with respect to the Weinstein negligence action and various other actions arising from the July 30, 1980 motor vehicle accident.

We agree with the trial court that the attempted disclaimer of defendant Providence is invalid and that it is obligated to defend plaintiff and its employee. Providence is not relieved of its obligation under the insurance policy to defend plaintiff because of the latter's alleged violations of the lease by employing Honig, who was then under 21 years of age and without a chauffeur's license, as the driver of the van. Due to public policy considerations, insurers of automobile rental companies should not be permitted to avail themselves of a lessee's violation of a rental agreement for the purpose of escaping the duty to indemnify persons covered by the policy for liability for injuries to innocent third parties (*see,* Vehicle and Traffic Law §§ 128, 388; Insurance Law [former] § 167 [2], [2-a], now § 3420 [e], [f]; *MVAIC v Continental Natl. Am. Group Co.,* 35 NY2d 260, 262, 264;

*Rosado v Eveready Ins. Co.,* 34 NY2d 43, 47-48; *Cooperman v Ferrentino,* 37 AD2d 474, 477-478). While plaintiff has a separate liability insurance policy with its carrier, Public Service, our determination is based on reasoned principles (*see, Allstate Ins. Co. v Travelers Ins. Co.,* 49 AD2d 613, 613-614, *mod on other grounds* 39 NY2d 784; *Allstate Ins. Co. v Dailey,* 47 AD2d 375).

We find appellants' other contention to be without merit. Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.