■ LEVITZ FURNITURE COMPANY OF THE EASTERN REGION, INC., Respondent, v EVEREADY INSURANCE COMPANY et al., Appellants, and BETTE ROSENFELD, Individually and as Execu-

trix of MILTON ROSENFELD, Deceased, et al., Respondents, et al., Defendants.—In an action to compel the defendant Eveready Insurance Company to defend and indemnify the plaintiff in an underlying wrongful death action, the defendant Eveready Insurance Company (hereinafter Eveready) appeals from so much of a judgment of the Supreme Court, Nassau County (Brucia, J.), dated May 6, 1987, as granted the plaintiff's motion to strike the defendant Eveready's affirmative defenses and directed Eveready to defend and indemnify the plaintiff and its codefendants in the underlying wrongful death action.

Ordered that the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

On January 30, 1981, a van driven by Mr. Steven Dawiczkowski, which belonged to the defendant Hub Truck Rental Corp., was involved in an accident on Salisbury Park Drive in East Meadow. Milton Rosenfeld was killed in the accident.

The insured, Hub Truck Rental Corp., had leased the van to the defendant Anthony Trozolino, who was doing business as the Trozolino Trucking Company, and, later, as the Triple T Trucking Company, Inc. Mr. Trozolino had an office in the plaintiff's showroom. His trucks were used to deliver furniture to the plaintiff's customers. The plaintiff's logo was affixed to the van's sides, back and front.

One of the clauses in the lease stated that only safe and careful licensed chauffeurs who were employed by Mr. Trozolino could drive the van. The Safety Hearing Bureau of the New York State Department of Motor Vehicles held a hearing after the accident, and Mr. Dawiczkowski's driver's license was revoked. The Hearing Officer noted that it "appeared" that Mr. Dawiczkowski's license had been suspended at the time of the accident.

The executor of Mr. Rosenfeld's estate brought an action against Mr. Dawiczkowski, Hub Truck Rental Corp., the plaintiff, and Mr. Trozolino and his companies. Hub Truck Rental Corp.'s insurance company, the defendant Eveready, refused to defend and indemnify the plaintiff, and the plaintiff brought this action for a declaratory judgment.

The hearing court properly ordered the defendant Eveready to defend and indemnify the plaintiff and the other defendants in the underlying wrongful death action. Minor deviations from a lease will not relieve an insurer of its obligation to provide a defense and indemnify its lessees (see, *MVAIC v Continental Natl. Am. Group Co.*, 35 NY2d 260, 264; *Sawyer*

*Country Day School v Providence Washington Ins. Co.,* 108 AD2d 810, 811-812). It does not matter that the plaintiff has a separate liability insurance policy with its own carrier *(Sawyer Country Day School v Providence Washington Ins. Co., supra,* at 811-812).

In any event, it is clear from the record that the defendant Hub Truck Rental Corp. impliedly permitted Mr. Dawiczkowski to operate its van. Mr. Dawiczkowski testified that he had frequently driven to the service facility of Hub Truck Rental Corp. to have the van fueled and serviced. He was familiar with the lessor's procedures and claimed that he had spoken to the branch manager, Mr. Mitchel Blane, on at least 10 separate occasions. Despite this Mr. Blane did not ask to see Mr. Dawiczkowski's driver's license, although he claimed it was his routine to do so. In fact, Hub Truck Rental Corp. had no record of any of the drivers employed by Mr. Trozolino. Since Mr. Blane was aware that Mr. Dawiczkowski was driving Hub Truck Rental Corp.'s van, it is clear that Mr. Dawiczkowski was doing so with its consent. Thus it is clear from the facts of this case that Eveready was obligated to defend and indemnify the plaintiff and its codefendants in the underlying wrongful death action. Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.