(February 9, 1989)

■ PLANET INSURANCE COMPANY, Appellant, v BRIGHT BAY CLASSIC VEHICLES, INC., et al., Respondents. JOSE MONTEZ-DEOCA, Respondent, v PLANET INSURANCE COMPANY, Appellant.—Order and judgment (one paper) of the Supreme Court, New York County (William McCooe, J.), entered April 18, 1988, which granted summary judgment in these consolidated declaratory actions to defendant-respondent/plaintiff-respondent Jose Montez-Deoca and defendant-respondent Frank Catalano to the extent of declaring plaintiff-appellant/defendant-appellant Planet Insurance Company's disclaimer of liability invalid, and which granted that branch of respondent Catalano's cross motion for summary judgment on his third counterclaim, unanimously reversed, on the law and the facts, appellant's cross motion for summary judgment declaring that its disclaimer of liability is valid and that appellant is under no obligation to defend or indemnify respondents granted, without costs.

These consolidated declaratory actions arise out of an accident involving an automobile driven by defendant Michael DeVito and motorcycle operated by respondent Jose Montez-Deoca. The automobile, a 1984 Lincoln Continental, was

owned by defendant Bright Bay Classic Vehicles, Inc. (Bright Bay), and leased to respondent Frank Catalano who had authorized DeVito to use the car. The fleet automobile policy issued by appellant to Bright Bay identified the insured's business as the "short term rental of automobiles for a period of less than 12 months." The policy also defined automobiles within the scope of its coverage as those "held by the Insured for rental on a short term basis (less than 12 months)". Even though the written lease agreement specified that the lease term was 24 months, Catalano was given an insurance identification card indicating that the vehicle was insured by appellant.

Appellant was notified of the accident and of respondent Montez-Deoca's claim in a letter from respondent's counsel dated August 8, 1985. However, the letter incorrectly identified the insurance policy, giving the number for a policy that was not in effect at the time of the accident. In October 1985, Bright Bay informed appellant that a covered vehicle had been involved in the accident but, despite repeated requests, a copy of the rental agreement was not sent to appellant. In June 1986, six months after appellant had settled the property damage claim by Montez-Deoca, it received a copy of the lease agreement and discovered that the vehicle involved in the accident was not covered. On May 28, 1987, appellant disclaimed liability on the ground that the insurance policy did not cover the automobile leased to Catalano for a 24-month term.

Despite the plain language of the insurance policy, Supreme Court nevertheless held that public policy considerations barred appellant from disclaiming liability, citing *MVAIC v Continental Natl. Am. Group Co.* (35 NY2d 260 [1974]). In that case, however, the controversy concerned not whether the automobile was covered but whether the driver, who was neither the lessor nor a permitted user under the rental agreement, was covered. The court reasoned that because the insurer "should have known that the probabilities [of the car] coming into the hands of another person [were exceedingly] great" it could be charged with constructive consent and, therefore, it could not invoke Vehicle and Traffic Law § 388 to disclaim liability (35 NY2d, *supra*, at 264; *see also, Sawyer Country Day School v Providence Washington Ins. Co.*, 108 AD2d 810 [2d Dept 1985], *lv denied* 65 NY2d 608). In this case, however, appellant disclaimed coverage not on the basis of a policy exclusion but on the ground that the automobile involved was not a covered vehicle. This is a critical distinction

as a policy "which covers neither the person nor the vehicle involved in an automobile accident does not create an insurer-insured relationship as to automobile liability by reason of that policy." *(Zappone v Home Ins. Co.,* 55 NY2d 131, 139 [1982].) Indeed, in that circumstance, the insurer is not obliged to disclaim coverage which never existed. Consequently, a declaration that appellant was under no obligation to defend or indemnify respondents should have been entered. Concur—Murphy, P. J., Kupferman, Carro, Rosenberger and Smith, JJ.