■ HAROLD E. KOREMAN, as Conservator of BARBARA MED-VECKY, et al., Appellants, v CHRYSLER FINANCIAL CORPORATION, Respondent, et al., Defendants. [605 NYS2d 280] —Order, Supreme Court, Bronx County (Hansel McGee, J.), entered February 28, 1993, which, *inter alia,* denied plaintiffs' cross-motion for partial summary judgment on the issue of liability against defendant Chrysler Financial Corporation ("Chrysler"), unanimously affirmed, without costs.

Plaintiff's conservatee suffered severe personal injury when the vehicle in which she was a passenger left the road and turned over. The vehicle was owned by defendant Chrysler and leased to the defendant driver's employer. Chrysler resisted vicarious liability, asserting that the vehicle was utilized in violation of the lease agreement.

While courts have precluded car rental agencies (as opposed to individual owners), on public policy grounds, from evading Vehicle and Traffic Law § 388 liability by unreasonably and unrealistically restricting the authorization of who may operate the rented vehicle *(see, MVAIC v Continental Natl. Am. Group Co.,* 35 NY2d 260), it does not necessarily follow that a restriction, which precludes usage of the rented vehicle "for hire," is unreasonable and unrealistic *(see, e.g., Hardeman v Mendon Leasing Corp.,* 87 AD2d 232, *affd* 58 NY2d 892; *cf.,* 11 NYCRR 60-1.6 [d]). Each case must be determined on its respective facts *(supra).* Moreover, in this case, there are questions concerning whether or not the vehicle was being operated with Chrysler's permission.

We have considered all other issues and find them to be meritless. Concur—Sullivan, J. P., Asch, Rubin and Nardelli, JJ.