■ ACP SERVICES CORP. et al., Appellants, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent. [637 NYS2d 566]

—Judgment unanimously modified on the law and as modified affirmed without costs, judgment granted and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: On September 10, 1990, pursuant to a rental agreement, ACP Services Corp. (ACP) rented a Dodge van from defendant's insured, Economy Truck Rental (Economy), in connection with ACP's business of transporting goods for a fee. Paragraph 2 (h) of the rental agreement contained a restriction that no employee of ACP could operate the van unless the employee "is a qualified licensed driver of at least age 25". The rental agreement also contained a restriction that Economy's liability insurance policy, issued by St. Paul Fire and Marine Insurance Company (St. Paul), would not provide coverage if the van were operated in violation of paragraph 2 (h).

On September 10, 1990, David S. Kensy, an employee of ACP, was operating the van with the permission of ACP and was involved in an accident with a vehicle operated by Debra A. Flohr. Flohr and her husband commenced an action against Economy, ACP and Kensy to recover damages for personal injuries sustained in the accident. St. Paul disclaimed coverage on the ground that ACP and Kensy breached the terms and conditions of the rental agreement with Economy because Kensy was an unlicensed operator under 25 years of age at the time of the accident.

Thereafter, ACP and Kensy commenced this action seeking a declaration that St. Paul is obligated to defend and indemnify ACP and Kensy in the underlying action. The complaint also seeks a declaration that ACP and Kensy may retain independent counsel to defend them in that action and are entitled to reimbursement of litigation expenses incurred to date. After joinder of issue, plaintiffs moved for summary judgment on the complaint and defendant cross-moved for summary judgment dismissing it. Supreme Court denied the motion and granted the cross motion. The court erred substantively and procedurally.

Plaintiffs contend that St. Paul should not be permitted to avail itself of the violation of the restriction contained in the rental agreement to escape its duty to defend and indemnify. We agree. In *Wynn v Middleton* (184 AD2d 1019, 1020), we held that "[p]ublic policy considerations dictate that persons injured by the negligence of a driver should have recourse to a financially responsible defendant. Thus, lessors of automobiles may not enforce restrictions on the use of the automobiles by the renter and thereby escape liability to a third person on the

ground that the violation of the restriction removed the element of consent required by section 388" of the Vehicle and Traffic Law. Moreover, in *MVAIC v Continental Natl. Am. Group Co.* (35 NY2d 260), the Court of Appeals held that an insurer issuing a standard liability policy to a motor vehicle rental company could not disclaim financial responsibility for the negligence of a person operating a rented vehicle with the express permission of the lessee, in violation of the rental agreement between the lessee and the motor vehicle rental company *(accord, Tom Sawyer Country Day School v Providence Wash. Ins. Co.,* 108 AD2d 810, *lv denied* 65 NY2d 608). Procedurally, the court should not have dismissed the complaint but should have declared the rights of the parties. Therefore, we modify the judgment on appeal by denying defendant's cross motion, reinstating the complaint, granting in part plaintiffs' motion and granting judgment in favor of plaintiffs, declaring that St. Paul has the duty to defend and indemnify plaintiffs in the underlying action.

The court properly denied the motion of plaintiffs seeking leave to retain independent counsel to represent them in the underlying action. Plaintiffs failed to establish that they have a conflict of interest with St. Paul *(cf., Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392, 401; *Ladner v American Home Assur. Co.,* 201 AD2d 302, 304). Therefore, we further modify the judgment by granting judgment in favor of defendant, declaring that plaintiffs are not entitled to select independent counsel.

Lastly, we conclude that plaintiffs are entitled to reimbursement for litigation expenses, including reasonable attorney's fees, incurred in defending the underlying action only *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21; *Hershberger v Schwartz,* 198 AD2d 859, 860). Therefore, we further modify the judgment by granting judgment in favor of plaintiffs, declaring that they are entitled to reimbursement for litigation expenses, including reasonable attorney's fees incurred in defending the underlying action. We remit the matter to Supreme Court to determine the reasonable amount of those expenses. (Appeal from Judgment of Supreme Court, Ontario County, Henry, Jr., J.—Declaratory Judgment.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.