OPINION OF THE COURT
Per Curiam.
Plaintiff, an inspector for the New York City Taxi and Limousine Commission (TLC), was injured when she was struck by a Chevrolet-model automobile owned by defendant Avis Rent A Car (Avis) and leased to the defaulting defendant driver Nicholson, who, it is agreed, was unlawfully using the car as a livery vehicle without requisite TLC authorization. Plaintiffs deposition testimony indicated that the incident occurred when defendant Nicholson, in an apparent attempt to avoid apprehension, drove the car erratically, backing into the plaintiff and striking and knocking her to the ground with the vehicle’s open, left-rear door. In the ensuing negligence action, Avis resisted vicarious liability (see, Vehicle and Traffic Law § 388) by asserting that the vehicle was utilized in violation of the lease agreement, whose terms prohibited defendant Nicholson as lessee from, inter alia, “us(ing) or permit(ting) the car to be used to carry passengers or property for hire.”
We agree that neither side has shown entitlement to the drastic remedy of summary judgment, since the record raises but does not resolve several material triable issues, including whether defendant Nicholson’s actions in backing the rented vehicle into plaintiff were intentional or negligent and, if negligent, whether the rental lease restriction precluding usage of the vehicle “for hire” is properly applied to absolve defendant from liability in the circumstances of this case (see, Koreman v Chrysler Fin. Corp., 199 AD2d 181; see also, Leotta v Plessinger, 8 NY2d 449, 461). “While courts have precluded car rental agencies (as opposed to individual owners), on public policy grounds, from evading Vehicle and Traffic Law § 388 liability by unreasonably and unrealistically restricting the authorization of who may operate the rented vehicle * * * it does not necessarily follow that a restriction, which precludes usage of the rented vehicle ‘for hire,’ is unreasonable and unrealistic * * * Each case must be determined on its respective facts.” (Koreman v Chrysler Fin. Corp., 199 AD2d 181, 181, supra [citations omitted].) Contrary to the view expressed by the mo *36 tion court, the duration of the rental car agreement (the four-week period from Dec. 12, 1999 to Jan. 9, 2000) did not in itself establish that Avis knew or should have known of an “exceedingly great” probability that the rented vehicle would be used in violation of the for-hire or other use restrictions of the agreement.
We have considered and rejected the remaining arguments raised by plaintiff on her cross appeal.
Parness, P. J., McCooe and Gangel-Jacob, JJ., concur.