■ HERMINIA HANNIBAL, Respondent, v MBIYA KIMBENI et al., Defendants, and FORD CREDIT TITLING TRUST, Appellant. [735 NYS2d 567] —In an action to recover damages for personal injuries, the defendant Ford Credit Titling Trust appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated November 6, 2000, as denied that branch of its motion which was for leave to amend its answer to assert an affirmative defense of nonpermissive use of the subject motor vehicle.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the motion which is for leave to amend the appellant's answer to assert an affirmative defense of nonpermissive use is granted, and the amended answer is deemed served.

The plaintiff was allegedly injured while a passenger in a vehicle owned and insured by the appellant, Ford Credit Titling Trust (hereinafter FCTT). At the time, the vehicle was being driven by the defendant Mbiya Kimbeni, who had leased it. FCTT discovered facts which led it to believe that Kimbeni was operating the vehicle as a "gypsy cab" at the time of the accident. This was a breach of Kimbeni's lease agreement, and FCTT, *inter alia,* sought leave to amend its answer to interpose an affirmative defense of nonpermissive use. FCTT argued that, due to the breach, Kimbeni's use of the vehicle was not "permissive" within the meaning of Vehicle and Traffic Law § 388 and therefore, as owner of the vehicle it could not be held vicariously liable for the plaintiff's alleged injuries. The Supreme Court denied that relief and we reverse.

The vicarious liability imposed by Vehicle and Traffic Law § 388 on the owner of a vehicle for injuries arising from permissive use of the vehicle, in conjunction with the owner's concomitant duty to maintain adequate insurance coverage, reflects the strong State public policy of assuring an injured party recourse to a financially-responsible defendant (*see, ELRAC, Inc. v Ward,* 96 NY2d 58; *Morris v Snappy Car Rental,* 84 NY2d 21; *Fried v Seippel,* 80 NY2d 32; *Continental Auto Lease Corp. v Campbell,* 19 NY2d 350; *Brown v Harper,* 231 AD2d 483). Consonant with this public policy, courts have held that owners and insurers of rental vehicles may not escape the vicarious liability imposed by Vehicle and Traffic Law § 388 "via the attempted device of restrictions on or conditions of use [in a lease agreement] which run counter to the recognized realities and, in a measure, disguise the transaction" (*MVAIC v Continental Natl. Am. Group Co.,* 35 NY2d 260, 265; *see also, Allstate Ins. Co. v Travelers Ins. Co.,* 39 NY2d 784; *Davis v Hall,* 233 AD2d 906; *ACP Servs. Corp. v St. Paul Fire & Mar. Ins. Co.,* 224 AD2d 961; *Tom Sawyer Country Day School v Providence Washington Ins. Co.,* 108 AD2d 810). Stated conversely, restrictions on or conditions of use of a vehicle in a lease agreement must be reasonable and must reflect the realities of the vehicle rental business in order for a breach of the lease to render use of the vehicle nonpermissive within the meaning of Vehicle and Traffic Law § 388 (*see, Brown v Agency Rent-A-Car,* 234 AD2d 82; *Koreman v Chrysler Fin. Corp.,* 199 AD2d 181; *Cooperman v Ferrentino,* 37 AD2d 474).

Here, the restriction at issue, which prohibited the use of the subject vehicle as a public conveyance, was both reasonable and realistic (*see, Jasper Corp. / Celotex Corp. v Dunikowski,* 229 AD2d 424; *Koreman v Chrysler Fin. Corp., supra; Matter of Utica Mut. Ins. Co. [Lahey],* 95 AD2d 150). Accordingly, because the plaintiff otherwise failed to demonstrate prejudice or surprise, the branch of FCTT's motion which was for leave to amend its answer to assert the affirmative defense of nonpermissive use should have been granted (*see, Crimmins Contr. Co. v City of New York,* 74 NY2d 166; *Smith v Peterson Trust,* 254 AD2d 479; CPLR 3025 [b]). Ritter, J. P., Krausman, Goldstein and S. Miller, JJ., concur.