**Arden HALEY, Plaintiff,**

v.

**AIG LIFE INSURANCE COMPANY, American Travellers Life Insurance Company, n/k/a Conseco Senior Health Insurance Company, Defendants.**

**No. A2–01–49.**

United States District Court,
D. North Dakota,
Northeastern Division.

Sept. 23, 2002.

Thomas A. Dickson, Timothy Q. Purdon, Bismarck, ND, for Arden Haley.

David S. Maring, Bismarck, ND, Margaret A. Garvin, Gary J. Haugen, Jonathan S. Parritz, Maslon Edelman Borman & Brand, LLP, Minneapolis, MN, Daniel J. Dunn, Fargo, ND, Steven K. Huffer, Huffer & Weathers PC, Indianapolis, IN, Patrick W. Fisher, Fisher & Olson, LTD, Grand Forks, ND, for AIG Life Ins.

Steven K. Huffer, Huffer & Weathers PC, Indianapolis, IN, Patrick W. Fisher, Fisher & Olson, Ltd, Grand Forks, ND, David S. Maring, Bismarck, ND, Margaret A. Garvin, Gary J. Haugen, Jonathan S. Parritz, Maslon Edelman Borman & Brand, LLP, Minneapolis, MN, Daniel J. Dunn, Fargo, ND, for American Travelers Life Ins. Co.

## MEMORANDUM AND ORDER

WEBB, Chief Judge.

### I. Introduction

Before the Court is a motion for summary judgment submitted by defendant, AIG Life Insurance Company("AIG"), on all cross-claims against co-defendant American Travellers Life Insurance Company ("Conseco")(doc. # 72). Also before the Court is Conseco's cross-claim against AIG (doc. # 5). As set forth below, AIG's motion is GRANTED, and Conseco's cross-claim is DISMISSED.

### II. BACKGROUND

This case involves long-term care insurance, and a policy purchased by Plaintiff containing a 3–day prior institutionalization clause. Plaintiff originally purchased the policy from AIG, but it was later transferred to Conseco. Upon assumption of the policy, Conseco sent Plaintiff a letter with various allegedly fraudulent statements asserting that it was in Plaintiff's best interest to maintain the policy and

that no better policy existed. As it turned out, Plaintiff may have been able to purchase a better policy (one without a 3–day prior hospitalization requirement). Plaintiff was unable to satisfy the 3–day prior institutionalization requirement because of the Grand Forks flood, and she was subsequently denied coverage.

Plaintiff brought a claim against Defendants for breach of contract, and a claim in tort based upon fraudulent misrepresentation. In the Court's January 2002 Order, the Court disposed of Plaintiff's contract claims, leaving only the fraud claims subject to certain limitations (doc. # 51).

The parties have informed the Court that Plaintiff has now settled with both AIG and Conseco. However, cross-claims remain between the two insurance companies. Conseco cross-claimed against AIG based on a clause in the parties' assumption agreement under which AIG warranted to Conseco that the policies transferred did not violate any law. AIG cross-claimed against Conseco for indemnification based on a clause in the purchase and sale agreement that states Conseco agrees to indemnify and hold AIG harmless from and against all duties and obligations.

## III. DISCUSSION

The parties agree that no issues of fact remain and that the present case involves only a question of law. Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

### A. AIG's Cross–Claim

■ Plaintiff's claim for breach of contract was dismissed by this Court in January of 2002. AIG was involved in defense of this claim since February 2001. Conseco has acknowledged that it is obligated to defend this claim for breach of contract, and therefore the Court will not address

Conseco's duty of indemnify AIG for this particular claim. The issue, then, that is currently before the Court is whether Conseco has a duty to defend or indemnify AIG for the fraud claim.

The Court begins with the general rule that a mere allegation is sufficient to give rise to a party's duty to defend against such allegation. This general rule, however, is subject to modification by the agreement of parties involved in a dispute. Here, the parties entered into an agreement under which Conseco agreed to indemnify AIG for claims arising under the transfer of insurance policies. The question for the Court is to determine whether the agreement triggered a duty to defend and indemnify AIG for this particular allegation of fraud.

In *Mutual Benefit Insurance Co. v. Haver*, 555 Pa. 534, 725 A.2d 743, 745 (1999), the Pennsylvania Supreme Court stated that the duty to defend and indemnify depends upon the determination of whether the third party's complaint triggers coverage. Conseco argues that the complaint contains an allegation of fraud and does not trigger indemnification under the purchase and sale agreement.

■ The purchase and sale agreement must be read as a whole. *Kerrigan v. Villei*, 22 F.Supp.2d 419, 426 (E.D.Pa. 1998). When read as a whole, the purchase and sale agreement evidences a broad intent to pass on all liabilities to Conseco. For example, Section 2.3 of the purchase and sale agreement states:

> Seller hereby grants, transfers and assigns absolutely to the Buyer any rights it has, had or may have to impose any defense, set-off or recoupment, whether under the terms of a Policy or otherwise, on account of any claim arising from a loss in respect of a Policy on and after the Closing Date (other than claims reserved by the Seller under paragraph 2.2(a) hereof).

This clause signifies AIG's desire to get completely out of the long-term care insurance business. In exchange for transferring an entire block of business to Conseco, AIG desired to escape any and all duties and obligations arising from such block.

Additional evidence of Conseco's promise to indemnify AIG for all liabilities can be found at section 2.2(a) of the purchase and sale agreement. In section 2.2(a) of the agreement, Conseco agrees:

> to assume, carry out, pay and perform, on and after the Closing Date, those duties and obligations required to be performed in respect of the insured under Policies, including all renewals. Such obligations will include the payment of all claims or amounts due to such persons whether or not the claim was made or incurred before or after the Closing Date. Buyer will indemnify Seller and save it harmless from and against all such duties and obligations.

This portion of section 2.2(a) contains the phrase "all such duties and obligations," and clearly contemplates claims arising after the Closing Date. Thus, it is clear to the Court that Conseco agreed to indemnify AIG for any allegation made against it in connection with the purchase and sale of the policies.

Furthermore, when examining the factual allegations it becomes apparent that the fraud claim would not exist but for the contract claim. In other words, the fraud claim is so related to the contract claim that there could be no fraud claim but for the contract. Thus, this case is clearly governed by the intent of the parties as stated in the purchase and sale agreement. Because the agreement indemnifies AIG for any allegation made against it, AIG must be indemnified unless such indemnification violates public policy.

■ Conseco argues that public policy prevents it from defending any claim of fraud against AIG. The Court agrees that it is against public policy to indemnify a perpetrator of fraud against the consequences of such an act. *Blackman v. Wright*, 716 A.2d 648, 650 (Pa.Super.1998). However, even though Plaintiff accuses AIG of fraud, the only act that Plaintiff alleges was fraudulent was committed by Conseco.

This is a motion for summary judgment and as such the Court is entitled to examine the facts in the record. See Fed. R.Civ.P. 56. Also, according to the court in Haver, it is necessary to examine the factual allegations contained in the complaint to determine whether coverage is triggered under the agreement. *Haver*, 725 A.2d at 745–46. The record is absent of any facts which would make AIG responsible for fraud. In fact, Plaintiff's fraud claim against AIG is completely without merit, and is subject to summary judgment dismissal.[1]

In the Court's January 24, 2002 Order, Plaintiff's fraud claims survived a Motion to Dismiss so that discovery could unveil less ambiguous facts concerning Defendants' alleged misrepresentation (doc. # 51). After substantial discovery it is apparent that only Conseco can legitimately be accused of fraudulent activity.

■ Plaintiff contends AIG is responsible for Conseco's fraud because AIG was Plaintiff's insurance company at the time the letter was sent to Plaintiff, and as Plaintiff's insurance company it owed a duty of good faith and fair dealing to Plaintiff. The Court notes that Plaintiff cited no case law to support her premise

---

1. AIG would remain in the suit, however, because Plaintiff would have the right to look to AIG for satisfaction of any judgment against Conseco, because there was not a novation in the present case that would relieve AIG of liability to Plaintiff.

that AIG is directly responsible for Conseco's fraud because of its duty of good faith to Plaintiff. The duty of good faith by AIG was allegedly breached because the Certificate of Assumption had to be approved by AIG. However, this is irrelevant since this case involves letters accompanying the Certificate of Assumption, which AIG did not have to approve. Furthermore, there is no evidence that AIG drafted or reviewed the allegedly fraudulent letter. Thus, AIG committed no act that could be reasonably construed as fraudulent.

The purpose of the public policy exception is to hold those responsible for their bad acts personally liable; it is not against public policy to indemnify an innocent third party for misdirected allegations of fraud, thus Conseco's public policy argument fails. Cf. *Donegal Mutual Ins. Co. v. Long*, 387 Pa.Super. 574, 564 A.2d 937, 945 (1989)(citing *Tom Sawyer Country Day School v. Providence Washington Insurance Co.*, 108 A.D.2d 810, 485 N.Y.S.2d 126, 127–28 (1985)). AIG's motion for summary judgment is GRANTED (doc. # 72).

### B. Conseco's Cross–Claim

Conseco admits that this Court's previous order finding that the policy did not violate any law extinguished its cross-claim against AIG. Therefore, Conseco's cross-claim is DISMISSED (doc. # 5).

### IV. CONCLUSION

For the above mentioned reasons, AIG's motion for summary judgment on its cross-claim against AIG is GRANTED (doc. # 72). Conseco's cross-claim against AIG is DISMISSED (doc. # 5).

IT IS SO ORDERED.