Gabrielli, J.
The question presented is whether an insurer issuing a standard liability policy to an auto rental company may disclaim financial responsibility for the negligence of a person operating a rented vehicle with the express permission of the lessee, in violation of a private rental agreement between the rental agency and the lessee.
Discount Rent-A-Car (Discount) was the named insured in a policy issued by the defendant Continental National American Group Company (Continental).
Victor Anderson rented a car from Discount for one day for the ultimate purpose of driving the Sills family to a funeral and, because of a last minute work conflict, he was unable to do so and he then authorized Ronald Sills to drive his family to the funeral. The printed rental agreement contained a clause that the vehicle would be driven by the lessee or an adult member of his immediate family and that the lessee would not surrender the use of the vehicle to any other person without first obtaining *263 Discount’s consent, which, of course, was not obtained. Sills became involved in an accident causing injuries to a passenger, Hazel McMillan. In her action against Discount and Sills, Discount was defended by Continental which, however, refused to defend or indemnify Sills for the stated reason that he was not a permitted user under Discount’s private lease agreement with Anderson. MVAIC appeared for Sills and following a jury verdict in favor of McMillan, it paid the judgment and now seeks a declaratory judgment that Sills was within the coverage of Continental’s policy and that Continental was under a duty to defend him and pay the judgment rendered. In the negligence action the jury made a special factual finding that Sills did not have Discount’s permission to drive the car, the court reserving for a separate declaratory judgment action the question whether Continental’s disclaimer was valid.
In the present action, plaintiff’s motion for summary judgment was granted, the court holding that the consent given by Anderson was sufficient to afford Sills coverage and that the disclaimer was invalid. The Appellate Division reversed on the theory that the restrictive clauses in the rental agreement and insurance contract were “ reasonable and realistic ”. We are unable to agree with that determination.
The leasing of automobiles has become a large, widespread business. For example, during 1973, over 65,000 rental automobiles were registered in this State (New York Department of Motor Vehicles Report MV-213 [April, 1974]). As these vehicles traverse our highways it is inevitable that some will become involved in their fair share of accidents. In recognition of this, the Legislature has required rental agencies to file a financial security bond as a certificate of self-insurance prior to registering their vehicles (Vehicle and Traffic Law, § 370, subds. 1, 3).
Daily, car rental agencies rent large numbers of vehicles to the general public for profit. They are not in the same position as the private car owner who loans his car to a friend or relative for a limited purpose (cf. Arcara v. Moresse, 258 N. Y. 211; Chaika v. Vandenberg, 252 N. Y. 101) and, unlike the short span of a friendly individual loan, restrictions in rental agreements affect the use of a large number of vehicles, these arrangements sometimes continuing over long periods of time.
*264 The restrictions 'sought to be imposed by Continental violate the public policy of this State. A slight deviation from such a restrictive lease could render an injured victim devoid of adequate protection, which is contrary to the legislative intent, envisaged by section 388 of the Vehicle and Traffic Law.* The lessor (and Continental), because of the public policy question involved, knew or should have known that the probabilities of the car coming into the hands of another person were exceedingly great and in these circumstances they are to be charged with constructive consent, which satisfies the requirements of section 388 of the Vehicle and Traffic Law. Any other interpretation would be placing an unreasonable limitation on the “ permission ” contemplated by that section. There was constructive consent, as a matter of law, which satisfies the statutory requirement that there be ‘ ‘ permission ’ ’, express or implied. As this court has said, “ [Section 388 of the Vehicle and Traffic Law] expresses the policy that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant.” (Continental Auto Lease Corp. v. Campbell, 19 N Y 2d 350, 352.) New York courts, recognizing the policy expressed in this section, have looked unfavorably upon similar rental agreements (Sternberg v. Liberty Mut. Ins. Co., 72 Misc 2d 655; cf. Cooperman v. Ferrentino, 37 A D 2d 474; Barnes v. Shul Private Car Serv., 35 A D 2d 841). We note that the courts of other jurisdictions have stressed the strong public policy for such financial responsibility statutes and the rationale of our holding (cf. Rivera v. Transport Ins. Co., 373 F. 2d 716; Susco Car Rental System of Fla. v. Leonard, 112 So. 2d 832 [Fla.]; Roth v. Old Republic Ins. Co., 269 So. 2d 3 [Fla.]).
Discount, and in turn, Continental, knew or certainly should have known that the probabilities that vehicles coming into the hands of another person are entirely too great for respondent to evade responsibility. We hold, in the circumstances of this *265 case, that Discount gave constructive consent to Sills who drove its vehicle with the consent of its lessee. To put it another way, these considerations of sound public policy will prevent the. evasioh of the liability of one leasing cars for profit (and, in turn, his insurer) via the attempted device of restrictions' on or conditions of use which run counter to the recognized realities and, in a measure, disguise the transaction. Since, as is conceded, Anderson gave his consent to Sills to operate the rental vehicle, we find that he was operating it with the constructive consent of Discount and, perforce, with the “ permission ’ ’ envisioned by the provisions of section 388. It follows that Sills was insured under the policy issued by Continental which is held to be responsible for Sills’ defense and for paying the resulting judgment.
Continental has urged that this court is bound by the jury finding that Discount did not give its consent to Sills to drive its car. A jury may only make findings of fact. As noted, we have concluded, as a matter of law, that constructive consent was given.
The case of Aetna Cas. & Sur. Co. v. World Wide Rent-A-Car (28 A D 2d 286) cited by Continental is distinguishable. The rental lease arrangement there fell within the provisions of section 128 of the Vehicle and Traffic Law which defines “ owner ” to include “ any lessee * * * of a motor vehicle * * * for a period greater than thirty days.” The lessee in Aetna held an 18-month lease and thus was an “ owner ” and, as such, was required to obtain its own insurance coverage and could not rely on its lessor’s policy.
Our holding is intended to further the public policy that victims of automobile accidents should have recourse to a financially responsible defendant. It is not intended to settle the rights, if any, that Discount, or Continental as its subrogee, may have against Anderson for the alleged violation of any agreement.
Accordingly, the order of the Appellate Division should be reversed, with costs, plaintiff’s cross motion for summary judgment should be granted, and defendant’s motion should be denied.
*266 Chief Judge Breitel and Judges Jones, Wachtler, Babin, Stevens and Wither* concur.
Order reversed, etc.

 Section 388 of the Vehicle and Trafile Law provides, in pertinent part, that: “ 1. Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries tp person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.”

 Designated pursuant to section 2 of article VI of the State Constitution.