Morrie Slifkin, J.
This is an action for a declaratory judgment adjudging that defendant Liberty Mutual is obligated to defend plaintiff John Marshall in an action commenced by defendants Olsen against Marshall to recover damages for personal injuries sustained by Sidney Olsen in an automobile accident which occurred on November 11, 1970.
Briefly stated, the facts are as follows. Sidney Olsen, an employee of J. Walter Thompson Company, rented an automobile from Holder Drive-Ur-Self, Inc. which was covered by a policy of insurance issued by Liberty Mutual. Olsen had rented the vehicle for use during his work in Rochester, New York, in connection with an advertising campaign he was preparing for Eastman Kodak Company on behalf of his employer.
Olsen rented the vehicle with an air travel credit card issued to J. Walter Thompson Company, Sidney Olsen. In paragraph 7 of the leasing agreement, the following appears:
”7. Vehicle shall not be operated by any person except customer and the following authorized operators, each of whom must be duly qualified and licensed to drive and must have received customer’s advanced permission:
(A) Persons of full age (21) years who are members of the immediate family of customer and permanently residing in customer’s household.
(B) The employee, partner or an executive officer of customer.
(C) A regular employee of customer.”
Plaintiff herein, John Marshall, an employee of Eastman Kodak was assisting Olsen in scouting for locations for advertising photography. He assumed the driving of the vehicle on November 11, 1970 at the request of Mr. Olsen. During the *415 course of this operation the vehicle skidded off the roadway, as a result of which an accident ensued in which Olsen was injured.
On the day following the accident, Marshall submitted to a recorded telephone interview with a claims representative of Liberty Mutual Insurance Company and on the same day, submitted a written accident report to Holder Drive-Ur-Self, Inc. on a form provided by Liberty Mutual. Thereafter, as indicated by their examination before trial, Liberty Mutual investigated the accident in December, 1970. Thereafter, by letter to Marshall, dated March 20, 1972, Liberty Mutual disclaimed coverage as to any action Olsen might bring against Marshall.
On March 22, 1972, Olsen brought an action to recover for personal injuries sustained in the accident against Marshall and Holder Drive-Ur-Self, Inc.
As a result of the commencement of the action by Olsen against Marshall, Marshall commenced this action for a declaratory judgment to determine that he is an insured under the policy issued by Liberty Mutual to Holder Drive-Ur-Self, Inc. and that Liberty Mutual is obligated to defend him and, in the event of an adverse judgment, to pay up to the policy limits.
Following the joinder of issue, the plaintiff Marshall has moved this court for summary judgment.
The court is of the opinion that the recent decision of the Court of Appeals in MVAIC v Continental Nat. Amer. Group Co., 35 NY2d 260, is dispositive of the case at bar. In that case, as stated by Judge Gabrielli writing for a unanimous court, the question presented was whether an insurer issuing a standard liability policy to an auto rental company may disclaim financial responsibility for the negligence of a person operating a rented vehicle with the express permission of the lessee, in violation of a private rental agreement between the rental agency and the lessee.
Continental had issued a policy of insurance to Discount Rent-A-Car which rented the car to one Anderson. The rental agreement contained a clause almost identical to the one at bar whereby the vehicle would be driven only by the lessee or an adult member of his family unless a prior permission of the lessor was obtained. Anderson, the lessee, authorized one Sills to drive the vehicle which was involved in an accident in which a passenger was injured. When the passenger sued Sills *416 for her injuries, Continental refused to defend Sills or indemnify him for the stated reason that he was not a permitted user under Discount’s lease with Anderson.
The Appellate Division denied summary judgment to plaintiff on the ground that the restrictive agreement was reasonable and realistic. The Court of Appeals reversed and held that the restrictions sought to be imposed by Continental violated the public policy of this State. The court held that there was constructive consent as a matter of law which satisfied the statutory requirement that there be permission, express or implied. The court held that Discount gave a constructive consent to Sills who therefore drove the vehicle with the consent of the lessee. The court stated (p 265): "To put it another way, these considerations of sound public policy will prevent evasion of liability of one leasing cars for profit (and, in turn, his insurer) via the attempted device of restrictions or conditions of use which run counter to the recognized realities and, in a measure, disguise the transaction. Since, as is conceded, Anderson [the lessee] gave his consent to Sills to operate the rental vehicle, we find that he was operating it with the constructive consent of Discount and, perforce, with the 'permission’ envisioned by the provisions of section 388 [of the Vehicle and Traffic Law]. It follows that Sills was insured under the policy issued by Continental which is held to be responsible for Sills’ defense and for paying the resulting judgment.”
The court did state that its holding was intended to further the public policy that victims of auto accidents should have recourse to a financially responsible defendant. However, it is to be noted that the court did not settle the rights, if any, that Discount might have against Anderson for the alleged violation of any agreement between them.
The basic factual difference between MVAIC v Continental Nat. Amer. Group Co. and the case at bar is that here, the lessee was present in the car at the time of the accident and was the injured party. There, the lessee was not present and a third-party passenger was injured. It is upon this limited difference that defendant Liberty Mutual seeks to distinguish the result reached in MVAIC v Continental. Thus, defendant seeks to limit the application of the rule of constructive consent to those cases involving injured third parties and to avoid it where the lessee is the injured party. Further, defendant relies on the court’s statement that the decision was not *417 intended to settle any contract claims between the lessee and the lessor.
It is the opinion of this court that such a restrictive reading should not be given to the case. MVAIC v Continental speaks in broad terms of the public policy of this State. It holds the restrictions involved to be violative of the public policy of the State. The interdiction is complete and without condition. Constructive consent is imposed (pp 264, 265). However, no language of limitation is stated as to the identity of the injured party. The mandated consent runs from the lessor to the driver. It is not specifically limited to situations where the injured party was a third party who had not leased the vehicle. Had the court intended to limit its holding as argued by defendant herein, it would not have first found the restrictions violative of public policy before holding that consent was given under the circumstances of the case.
Accordingly, it is the opinion of this court that the holding and rationale of MVAIC v Continental applies at bar. The restrictive provision is violative of public policy and defendant is obligated to defend Marshall.
Finally, the court, as did the court in MVAIC v Continental, does not determine the issue of the rights, if any, the lessor or its insurer may have against Olsen for the alleged breach of the leasing agreement. Such a cause of action may exist against Olsen for breach of contract under the facts as presented in this case. However, that issue is not before this court.
In view of the foregoing, the court does not reach the claim of plaintiff that the disclaimer was untimely under subdivision 8 of section 167 of the Insurance Law or that there was no violation of the restrictive provision.
The court will sign a judgment declaring that defendant Liberty Mutual is obligated to defend Marshall and to pay any judgment against Marshall in the action by Olsen against him to the limits of the policy.
Submit judgment on notice.