**RELIANCE INSURANCE COMPANY, Plaintiff,**

v.

**Carmen CALDERON, William Rivera, Commercial Union Insurance Co., Joseph Messina, Esq., Yvonne Clark and Clyde Clark, Defendants.**

**No. 86 Civ. 0770 (MBM).**

United States District Court, S.D. New York.

May 18, 1988.

As Amended May 19, 1988.

Heidi Weiss, Kaplan, Oshman, Helfenstein & Matza, New York City, for plaintiff.

Simon Hering, Martino, Mosolino, Deutsch, New York City, for Commercial Union.

Raymond Schwartzberg, New York City, for Calderon.

## OPINION AND ORDER

MUKASEY, District Judge.

Reliance Insurance Company sues for a declaratory judgment of non-liability on a policy issued in 1974 to a Richmond, Virginia automobile dealer, the potential claim arising out of a 1975 automobile accident in Bronx County, New York. Following a bench trial, it appears for the reasons set forth below that the plaintiff is entitled to the judgment it seeks.

## FACTS

The somewhat convoluted factual setting of this lawsuit begins with the policy issued by Reliance in 1974 to Richmond Chrysler–Plymouth, Inc., a Richmond, Virginia automobile dealer. ("RCP") The policy covered liability arising out of "garage operations" and specifically excluded liability resulting from use of an automobile "while rented to others by the named insured unless to a salesman for use principally in the business of the named insured." The "policy territory" in which the liability might arise was defined to include the entire United States, as well as Canada and international waters and air space.

On August 19, 1975 defendant Yvonne Clark secured from RCP the use of an automobile on the representation that it was to replace one she had bought from RCP that needed repair. It appears from subsequent facts that Ms. Clark's representation was false and the car was subsequently reported stolen. Although the automobile she obtained allegedly was to be loaned to her, she signed a "Rental Agreement" that specified not only a fee to be charged if the car was not returned within 24 hours of notice from the dealer, but also a charge of $5 per day and $.10 per mile during the period of authorized use. The car at issue had been leased by RCP from Nationwide Leasing Corporation. The agreement signed by Ms. Clark also provided that she would not "sublet or loan said car to any third person" and would "confine use of this car to the State of Virginia."

On August 21, 1975 the car was being driven in the Bronx by Clyde Clark, the husband of Yvonne Clark, and collided with another vehicle owned by Tuddy Smith, driven by Pedro Fuentes and carrying as passengers two defendants in this action, Carmen Calderon and William Rivera. The police report on the accident does not show Yvonne Clark was a passenger in the car driven by her husband, and no one has suggested she was. Apparently she had violated her agreement with RCP not only by removing the car from Virginia, but also by lending it to her husband.

Thereafter, Calderon and Rivera brought suit in Supreme Court, Bronx County, against Smith and Nationwide, who were the owners of the two cars, as well as Fuentes, who was the driver of the car they were in, Clyde Clark, who was the driver of the other car, RCP and Yvonne Clark. The plaintiffs in that action settled with the owners of the two vehicles for a total of $35,000, and then obtained a default judgment against the Clarks and RCP in the amount of $70,000, reduced by the amount of their settlement with Nationwide and Smith. After entry of the default judgment, Calderon and Rivera brought a direct action, also in Supreme Court, Bronx County, pursuant to Section 3420 of the New York Insurance Law[1] against Com-

1. That statute authorizes a direct action against an insurer by anyone who has obtained a judgment against the insured. N.Y.Ins.Law § 3420(b) (McKinney 1985).

mercial Union Insurance Company as the Clarks' liability carrier, and against the plaintiff here, Reliance, as RCP's liability carrier.

However, the Clarks then appeared in the personal injury action through defendant Joseph Messina, Esq., a New York lawyer, and the default against them was lifted, as was the default against RCP, which was dismissed as a defendant for lack of personal jurisdiction based on failure to effect proper service. Inasmuch as the Clarks had appeared and RCP had been dismissed, the direct action against Commercial Union as the Clarks' insurer, and against Reliance, was dismissed as premature.

The personal injury action by Calderon and Rivera against the Clarks was then settled by the Clark's insurer, Commercial Union, for $13,000. As part of that settlement, the attorney for Calderon and Rivera, and Messina, as attorney for the Clarks, then stipulated that the default previously entered against the Clarks would be reinstated with the understanding that it would not be enforced personally against them or further against their liability insurer Commercial Union, but would be enforced only against Reliance as the insurer of RCP in the event that a way could be found to impose liability upon Reliance. This stipulation was "So Ordered" by the Hon. Louis Fusco, Jr. as Administrative Judge of the Twelfth Judicial District. Reliance, although it had ongoing notice of these developments, chose not to appear.

After learning of the entry of the most recent default judgment against the Clarks, Reliance brought this action, which was tried by the Court on March 9, 1988.

DISCUSSION

These facts present two threshold legal issues. One is familiar, and relates to choice of law. Because New York is the forum state I am bound to apply New York choice of law rules. *Bader by Bader v. Purdom,* 841 F.2d 38, 39 (2d Cir.1988). Under those rules, " '[T]he law of the jurisdiction having the greatest interest in the litigation will be applied and * * * the [only] facts or contacts which obtain signif-

icance in defining State interests are those which relate to the purpose of the particular law in conflict.' " *Schultz v. Boy Scouts of America,* 65 N.Y.2d 189, 197, 491 N.Y.S.2d 90, 480 N.E.2d 679 (1985) (citations omitted). "Under this formulation, the significant contacts are, almost exclusively, the parties' domiciles and the locus of the tort." *Id.*

Plaintiff Reliance argues strenuously that it is the choice of law rules with respect to the insurance contract between RCP and Reliance and the rental contract between Yvonne Clark and RCP, and not those with respect to the accident, that should apply. Because both the insurance contract and the rental contract were entered into in Virginia, Reliance urges that Virginia law should apply. I disagree, although resolution of this issue does not seem to affect the outcome of the case. As set forth in the *Restatement (Second) of Conflict of Laws (1971) ("Restatement"),* the rights created by a contract of liability insurance like the one at issue here are to be determined ordinarily according to the law of the state "which the parties understood was to be the principal location of the insured risk ... unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied." *Restatement* § 193. Section 6 of the *Restatement* lists seven factors to be considered, as follows:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

Of these, (b) and (c) appear to be the most relevant and to embody New York choice of law rules. Notably, factor (c), "the protection of justified expectations," seems to have no application here because the policy contains no choice of law clause and provides that liability may arise at a minimum anywhere in the United States.

■ The New York State Legislature has declared it to be "a matter of grave concern that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them." N.Y.Veh. & Traf.Law § 310(2) (McKinney 1986). It is undisputed that, apart from Yvonne Clark, the victims of the accident in question were all New York residents. Accordingly, I find that New York has "a more significant relationship under the principles stated in § 6," *Restatement* § 193, *supra,* than does Virginia, and therefore New York law will be applied to determine the scope of coverage under the subject policy. *Cf., Johnson v. Hertz Corp.* 315 F.Supp. 302 (S.D.N.Y. 1970).

■ The second threshold issue, less familiar than the first, arises from the state court proceedings that generated this dispute. Bluntly put, the issue is whether the default judgment against Yvonne Clark and Clyde Clark, entered on the understanding that it will not be enforced against either of them or against their insurance company, Commercial Union, and will be enforced only if liability is imposed on Reliance as RCP's insurance carrier, is simply a sham that moots the issues in this case. Undoubtedly, a declaration of non-liability on an insurance policy is a well accepted issue for a declaratory judgment action under 28 U.S.C. § 2201, (1982) *see, e.g., Cunningham Bros., Inc. v. Bail,* 407 F.2d 1165 (7th Cir.1969), *cert. denied,* 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed. 745 (1969), but moot questions are to be avoided. 6A J. Moore, J. Lucas & G. Grother, Jr., Moore's Federal Practice ¶ 57.13 (2d ed.

1987). Although counsel herein for Calderon and Rivera has suggested that this sort of thing "is done quite commonly" (Tr. 11), that provides only the mildest of reassurance. Nonetheless, whatever the circumstances surrounding the judgment at issue here, it was, after all, entered and ordered in a court of record of the State of New York, and I am bound by law to give it full faith and credit, 28 U.S.C. § 1738, absent extrinsic fraud, *i.e.,* fraud relating to "'some matter other than the issue in controversy in the action.'" *Alleghany Corp. v. Kirby,* 218 F.Supp. 164, 183 (S.D.N.Y. 1963), *aff'd.* 333 F.2d 327 (2d Cir.1964), *aff'd on rehearing,* 340 F.2d 311 (2d Cir. 1965), *cert. granted,* 381 U.S. 933, 85 S.Ct. 1772, 14 L.Ed.2d 698 (1965), *cert. dismissed,* 384 U.S. 28, 86 S.Ct. 1250, 16 L.Ed. 2d 335 (1966) (citations omitted). Therefore, I do.

■ However, accepting defendants' position that the judgment is to be taken at face value and New York law is to determine the outcome, Reliance still can not be held liable in these circumstances. The statute on which defendants rely is Section 388 of New York's Vehicle and Traffic Law, which in relevant part imposes liability on the owner of a motor vehicle for death or injury caused by the negligence of one who drives the vehicle "with the permission, express or implied, of such owner"; the term "owner" as used in Section 388 would include RCP as long-term lessee of the automobile. N.Y.Veh. & Traf.Law § 128 (McKinney 1986). Yet it was explicit in the agreement between RCP and Yvonne Clark that she would "not sublet or loan said car to any third person," wholly apart from the fact that the agreement barred use of the vehicle outside the State of Virginia. Under these circumstances, it is impossible to find that Clyde Clark was driving the car in New York "with the permission, express or implied," of RCP.

■ Nor can defendants invoke here the protection of the cases stemming from *Motor Vehicle Accident Indemnification Corp. v. Continental Nat'l. Am. Group Co.,* 35 N.Y.2d 260, 360 N.Y.S.2d 859, 319 N.E.2d 182 (1974) which hold that if the

lessee of a rental agency vehicle violates the terms of the rental agreement by permitting a third party to drive the vehicle, that third party nonetheless drives "with the permission, express or implied" of the lessor. N.Y.Veh. & Traf.Law § 388(1) (McKinney 1986). Such cases were designed to mitigate the harsh economic effect, on those injured in automobile accidents involving rented automobiles, that might otherwise result from the terms of contracts covering the thousands of automobiles that are owned by rental companies. *Motor Vehicle Accident Indemnification Corp., supra,* 35 N.Y.2d at 263, 360 N.Y.S.2d 859, 319 N.E.2d 182. Here, however, Reliance contracted with RCP specifically that it would not cover liability resulting from operation of a vehicle that was "rented to others." Reliance plainly did not undertake to insure a rental agency. Indeed, it was to escape the rigors of this provision that defendants argued, notwithstanding the "Rental Agreement" signed by Yvonne Clark, that she had merely borrowed the car as a replacement for her own vehicle which was allegedly being repaired; thus, any liability that resulted could be described as "arising from" RCP's "garage operations" covered by the policy, rather than from a forbidden rental.

It would be anomalous to give defendants the benefit of an argument based on a finding that the vehicle was not being used as part of a rental operation, so as to avoid the explicit exclusion of rental operations from the scope of the policy, and then the benefit also of a line of cases designed to cover only vehicles that are part of such an operation.[2]

Accordingly, plaintiff is adjudged to have no liability in connection with the default judgment entered in Supreme Court, Bronx County, against Yvonne Clark and Clyde Clark.

**2.** Defendants argue also that payment by Reliance of a claim for collision damage to the vehicle growing out of the same accident is an acknowledgment of liability for personal injury as well. However, as a Reliance witness testified at trial, collision and personal injury claims

The above shall constitute my findings of fact and conclusions of law pursuant to Rule 52, Fed.R.Civ.P.

are covered in different parts of the policy containing different terms. In particular, the disclaimer of liability in connection with rental operations does not appear in the collision coverage portion of the policy.