■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v MARY CLENCH, Respondent, and EDISON MOTORS et al., Appellants.—In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, Edison Motors and Universal Underwriters Insurance Company appeal from a judgment of the Supreme Court, Queens County (Kassoff, J.), entered May 3, 1990, which permanently stayed arbitration.

Ordered that the judgment is affirmed, with costs.

On April 6, 1988, Anthony Tubolino, Sr., brought his Jaguar automobile to the Edison Motors dealership for repairs, and Edison Motors loaned him a car to use in the meantime. The "loaner" vehicle was covered by Edison Motors's carrier, Universal Underwriters Insurance Company (hereinafter Universal). Tubolino signed a document labeled "rental agreement" for the vehicle.

Four days after Tubolino signed the document, his son was driving the loaner vehicle when he was involved in an accident with a vehicle owned and operated by Robert Clench. The respondent Mary Clench was injured. The Clench vehicle was insured by the petitioner Liberty Mutual Insurance Company (hereinafter Liberty).

Upon learning that Universal disclaimed coverage of the loaner vehicle because Tubolino's son was driving, allegedly in violation of the "rental agreement", Mary Clench filed a demand for arbitration, seeking uninsured motorist benefits under her husband's automobile insurance policy with Liberty. Liberty moved for a stay of arbitration, arguing that use of the loaner vehicle by Tubolino's son was permissive.

We agree with the Supreme Court that Liberty is entitled to a stay of arbitration. Pursuant to the public policy of this State, a person who is injured by the negligent operation of a motor vehicle should have recourse to a financially responsible person (see, Planet Ins. Co. v Bright Bay Classic Vehicles, 75 NY2d 394, 401-402; MVAIC v Continental Natl. Am. Group Co., 35 NY2d 260, 264; Vehicle and Traffic Law § 388 [1]). When a vehicle is leased pursuant to a rental agreement, the lessor is presumed to know that it is highly likely that the vehicle will be used by a person other than the lessee. The lessor is therefore charged with constructive consent, which satisfies the permissive use requirement in Vehicle and Traffic Law § 388 (1) (see, MVAIC v Continental Natl. Am. Group Co., supra). We find no reason to apply a different rule here because Edison Motors loaned, rather than leased, a vehicle to its customer. Since Tubolino's son had Edison Motors's constructive consent to use the loaner vehicle, Universal's disclaimer of coverage was invalid. Bracken, J. P., Harwood, Lawrence and O'Brien, JJ., concur.