[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE (#162)
On November 13, 1995, the plaintiff, Irma Partman, Administratrix of the Estate of Karen Partman, filed a one count third amended complaint against the defendant, Budget Rent-A-Car of Westchester, Inc. (Budget). The plaintiff alleges in her complaint that the decedent, Karen Partman, rented an automobile from Budget in Stamford on March 13, 1990. It is further alleged that on March 15, 1990, the decedent sustained injuries in an accident on the Taconic Parkway in New York, which ultimately resulted in her death, while she was a passenger in the rented automobile. The complaint also alleges that the automobile was driven by Ronald Godwin, a resident of New York. The plaintiff now alleges that the defendant is liable pursuant to § 388[1] of the New York Vehicle and Traffic Law.
The defendant filed an answer and special defense on March 24, 1995. In its special defense the defendant alleges that Godwin, the operator of the automobile, was an unauthorized user, and therefore, the defendant is shielded from liability. On December 6, 1995, the plaintiff filed a motion to strike the defendant's special defense on the ground that the breach of a rental car agreement is not a defense to liability under New York law. The defendant filed a memorandum in opposition on December 8, 1995. CT Page 623
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the [pleading] . . . ." S.M.S. Textile v. Brown,Jacobson, Tillinghast, Lahan and King, P.C., 32 Conn. App. 786,796, 631 A.2d 340 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc.,
supra, 224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73,604 A.2d 814 (1992).
Both parties agree that, under Connecticut law, the terms of a rental contract restricting the use of a rental vehicle to authorized drivers may serve to shield a lessor from liability. SeePedevillano v. Bryon, 231 Conn. 265, 648 A.2d 873 (1994). The plaintiff argues that under New York law a breach of a rental contract is not a defense to a cause of action pursuant to § 388 of the New York Vehicle and Traffic Law.
The legal sufficiency of the defendant's special defense turns on whether the applicable law regarding lessor liability is § 388 of the New York Vehicle and Traffic Law or General Statutes § 14-154a[2].
The initial issue presented is whether the rules applied regarding choice of law should be those governing contract actions or those governing tort actions. The courts that have addressed this issue have noted that, in the past, actions based on lessor liability, specifically § 14-154a, were considered contract actions. The present consensus, however, is that such actions are framed in tort, and therefore, the analysis for choice of law should be conducted under a tort theory of recovery. See Kolpa-Acker v.Hertz Rent-A-Car, Superior Court, Judicial District of Litchfield, Docket No. 064111 15 Conn. L. Rptr. 9 (August 7, 1995) (Pickett, J.); CT Page 624Brunow v. Burnett, Superior Court, Judicial District of Litchfield, Docket No. 062060 11 Conn. L. Rptr. 273 (April 6, 1994) (Walsh, J.); Matteisv. National Car Rental Systems, Inc., Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 111957,8 Conn. L. Rptr. 709 (January 28, 1993) (Rush, J.).
The Supreme Court has stated that "[t]his court has traditionally adhered to the doctrine that the substantive rights and obligations arising out of a tort controversy are determined by the law of the place of injury, or lex loci delicti. . . . Recently, however, we have recognized that, in certain circumstances in which the traditional doctrine does not apply, the better rule is the analysis contained in the Restatement (Second) of the Conflict of Laws." (Citations omitted; internal quotation marks omitted.) Williams v. State Farm Mutual Automobile InsuranceCo., 229 Conn. 359, 370, 641 A.2d 783 (1994). The court further stated that "categorical allegiance" to lex loci delicti has been abandoned, and the "most significant relationship" analysis of §§ 6 and 145 of the Restatement have been substituted. Id., 371-72. Furthermore, § 175 of the Restatement, dealing with wrongful death actions, provides that "[i]n an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied." Restatement (Second) Conflict of Laws § 175 (1971). "Section 145 of the Restatement lists the contacts of each jurisdiction that are factors in determining the choice of law under § 6." Williams v. State Farm Mutual Automobile Insurance Co.,
supra, 229 Conn. 372. These contacts "include: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicil, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered." O'Connor v. O'Connor, 201 Conn. 632, 652, 519 A.2d 13
(1986). "When the injury occurred in a single, clearly ascertainable state and when the conduct which caused the injury also occurred there, that state will usually be the state of the applicable law . . . ." Williams v. State Farm Mutual AutomobileInsurance Co., supra, 229 Conn. 372, citing, Restatement (Second) Conflict of Laws § 145, comment (e) (1971).
The plaintiff alleges in her complaint that the injury and the conduct causing the injury occurred in New York; that the defendant CT Page 625 is a New York corporation registered to do business in Connecticut; that the decedent was a Connecticut resident; and that the vehicle was rented by the decedent from the defendant in Connecticut. Under the facts alleged, § 175 expresses a preference for New York in wrongful death actions. Furthermore, under the contacts listed by § 145(a) and (b) weigh in favor of the application of New York law, while (c) is inconclusive, and (d) points toward Connecticut. On balance, these contacts tilt toward the application of New York law.
Nevertheless, "it is the significance, and not the number, of § 145(2) contacts that determines the outcome of the choice of law inquiry under the Restatement. As the concluding sentence of § 145(2) states, `[t]hese contacts are to be evaluated according to their relative importance with respect to the particular issue."'O'Connor v. O'Connor, supra, 201 Conn. 652-53. Accordingly, under § 6, this court must analyze the policies and interests of New York and Connecticut in having their law applied. Id., 653. New York, "as the [alleged] place of injury, has an obvious interest in applying its standards of conduct to govern the liability, both civil and criminal, of persons who use its highways. . . . `This interest arises from the right and duty of the sovereign to protect those within its borders from injury to person or property . . . .'" (Citations omitted.) Id. Connecticut's interest in enacting General Statutes § 14-154a was "`to protect the safety of traffic upon highways by providing an incentive to him who rented motor vehicles, to rent them to competent and careful operators by making him liable for damage resulting from the tortious operation of the rented vehicle.'" Matteis v. National Car Rental Systems, Inc.,
supra, citing, Levy v. Daniels U-Drive Auto Renting Co., 108 Conn. 333,143 A. 163 (1928).
In regard to the special defense of an unauthorized driver, the Connecticut Supreme Court stated that "[t]he statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk." Pedevillano v. Bryon, 231 Conn. 265, 270, 648 A.2d 873
(1994). Conversely, New York has determined that such a defense is a violation of public policy in that § 388 "expresses the policy that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant." (Internal quotation marks omitted.) Motor Vehicle AccidentIndemnification Corp. v. Continental National American Group Co.,35 N.Y.2d 260, 265, 319 N.E.2d 182, 360 N.Y.S.2d 859 (1974). The CT Page 626 relative policies of New York and Connecticut, with regard to an unauthorized driver defense, are directly contradictory, with each state having an equal interest in seeing its policy carried out.
Nevertheless, because the injury and the conduct causing the injury occurred in New York and the defendant is a New York corporation, New York has the greatest contact with the conduct that gave rise to the cause of action. Moreover, § 175 of the Restatement expresses a preference for utilizing the law of the state of injury in a wrongful death action, unless another state has a more significant relationship to the occurrence and the parties. Under the facts alleged, Connecticut's contacts with the occurrence and the parties is at most equal to those of New York. Therefore, such contacts with Connecticut are insufficient to shift the New York law applicable under § 175 toward that of Connecticut.
Accordingly, the plaintiff's motion to strike the defendant's special defense of an unauthorized driver is granted.