■ JASPER CORPORATION/CELOTEX CORPORATION et al., Appellants-Respondents, v JOHN V. DUNIKOWSKI, JR., et al., Respondents, and JOSEPH F. VESELY, JR., et al., Respondents-Appellants. [645 NYS2d 88] —In an action, inter alia, for a judgment declaring that the plaintiff National Union Insurance Company is not obligated to defend and/or indemnify the defendants John V. Dunikowski, Sr., and John V. Dunikowski, Jr., in an action entitled Shelly Vesely v John V. Dunikowski, pending in the Supreme Court, Orange County, the plaintiffs appeal (1) from an order of the Supreme Court, Orange County (Barone, J.), dated January 5, 1995, which granted the motion of the defendants John V. Dunikowski, Sr., and John V. Dunikowski, Jr., for summary judgment, and (2) from a judgment of the same court (DiBlasi, J.), dated February 6, 1995, entered upon the order which, inter alia, declared that National Union Insurance Company is obligated to defend and indemnify John

V. Dunikowski, Sr., and John V. Dunikowski, Jr., in the underlying action. The defendants Joseph F. Vesely and Gail M. Vesely cross-appeal from so much of the judgment as failed to declare that National Union Insurance Company had untimely disclaimed coverage.

Ordered that the appeal from the order dated January 5, 1995, is dismissed; and it is further,

Ordered that the cross appeal is dismissed on the ground that the cross appellants are not aggrieved by the portion of the judgment cross-appealed from (*see,* CPLR 5511 *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, and it is declared that the plaintiff National Union Insurance Company is not obligated to defend or indemnify John V. Dunikowski, Sr., or John V. Dunikowski, Jr., in the underlying action; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the order dated January 5, 1995, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Although the cross appeal from the judgment must also be dismissed because Joseph F. Vesely and Gail M. Vesely are not aggrieved by the portion of the judgment cross-appealed from (*see,* CPLR 5511), the issues raised on the cross appeal are brought up for review and have been considered on the appeal from the judgment (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, *supra).*

Joseph F. Vesely and his infant daughter Shelly Vesely were allegedly injured in an automobile accident when the car in which they were traveling, owned by Gail M. Vesely, was struck by a car, owned by the appellant Jasper Corporation/ Celotex Corporation (hereinafter Celotex). The car had been issued to Celotex's employee John V. Dunikowski, Sr., for his business and personal use. It was insured pursuant to a "business auto policy" issued by the appellant National Union Insurance Company (hereinafter National Union). The business auto policy provided coverage, *inter alia,* to "anyone * * * while using with [Celotex's] permission a covered auto". Celotex had a corporate policy regarding use of its fleet cars which provided, *inter alia,* that the automobile was to be driven only

by John Dunikowski, Sr., and by his wife. However, John Dunikowski, Sr., permitted his teenaged son, John Dunikowski, Jr., to use the car and the son was involved in the accident with the Veselys. National Union disclaimed coverage asserting that it would not provide a defense or indemnification for damages sustained as a result of the use of the car by an unauthorized driver. The Supreme Court ultimately issued a judgment declaring that National Union was obligated to provide a defense and indemnification. We now reverse that judgment.

Under the facts presented, we hold that National Union is not obligated to provide a defense or indemnification. Celotex was within its rights to limit the use of its company cars to its employees and their spouses, and National Union provided insurance for that limited risk. Notwithstanding that Vehicle and Traffic Law § 388 creates a presumption of permissive use, here the documentary evidence establishes that John Dunikowski, Sr., was without authority to give his son permission to drive the company car. Moreover, we are not persuaded that the public policy arguments adopted by the Supreme Court in its order dated January 5, 1995, should be extended to the facts of this case since a provider of fleet insurance is entitled to limit its coverage in accordance with the risk it assumes (*cf., MVAIC v Continental Natl. Am. Group Co.,* 35 NY2d 260; *Wynn v Middleton,* 184 AD2d 1019; *Matter of Liberty Mut. Ins. Co. v Clench,* 180 AD2d 684). Since John Dunikowski, Jr.'s, use of the car at the time of the accident was nonpermissive, National Union was free to disclaim coverage pursuant to the terms of its insurance policy. Moreover, inasmuch as the company car would not be covered under the policy as written while being operated by an unauthorized driver, National Union's failure to provide a timely denial of coverage cannot estop it from raising its defense of noncoverage (*see, Zappone v Home Ins. Co.,* 55 NY2d 131; *Matter of Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364; *Schmidt v Prudential Ins. Co.,* 143 AD2d 997). Accordingly, National Union has demonstrated that it is entitled to a judgment declaring that it is not obligated to provide a defense and indemnification in the underlying action.

We have examined the parties' remaining arguments and find them to be without merit. Mangano, P. J., Miller, Ritter and Hart, JJ., concur.