■ PAUL V. DAVIS, Respondent, v DAMON HALL, Defendant, and THRIFTY RENT-A-CAR SYSTEM, INC., Appellant. [649 NYS2d 546] —Amended order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff sustained injuries while a passenger in a rental car driven by Damon Hall that was involved in an accident in the City of Buffalo. The car, which was owned by Thrifty Rent-A-Car System, Inc. (defendant), had been rented in Virginia by Eric Johnson, who permitted plaintiff to drive the car to Buffalo. Plaintiff permitted Hall to drive the car in Buffalo. Pursuant to the rental agreement, only Johnson, his spouse or one who signed the agreement were authorized drivers. Neither plaintiff nor Hall signed the rental agreement.

Supreme Court properly determined that Hall was driving the vehicle with the constructive consent of defendant. "Public policy considerations dictate that persons injured by the negligence of a driver should have recourse to a financially

responsible defendant. Thus, lessors of automobiles may not enforce restrictions on the use of the automobiles by the renter and thereby escape liability to a third person on the ground that the violation of the restriction removed the element of consent required by [Vehicle and Traffic Law § ] 388 (*see, MVAIC v Continental Natl. Am. Group Co.,* 35 NY2d 260, 265; *Allstate Ins. Co. v Dailey,* 47 AD2d 375, 376, *affd* 39 NY2d 759)" (*Wynn v Middleton,* 184 AD2d 1019, 1020).

We conclude that the court erred, however, in granting that part of plaintiff's cross motion for partial summary judgment dismissing the third affirmative defense, which alleged that plaintiff contributed to his injuries by failing to wear a seat belt. Plaintiff, who was asleep in the front passenger's seat when the vehicle struck a light pole, testified that he did not recall whether he was wearing his seat belt. That proof is insufficient to establish, as a matter of law, that plaintiff was wearing his seat belt (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562).

We therefore modify the amended order by denying in part plaintiff's cross motion for partial summary judgment and reinstating the third affirmative defense, and otherwise affirm. (Appeal from Amended Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.