**Stanley MURDZA, Plaintiff–Appellant,**

**v.**

**D.L. PETERSON TRUST, Brown & Williamson Tobacco Corporation and PHH Fleet America Corporation, Defendants–Appellees,**

**and**

**Robert Zimmerman, Defendant.**

**Docket No. 01–7047.**

United States Court of Appeals, Second Circuit.

Argued: Dec. 10, 2001.

Decided: June 6, 2002.

Michael J. Kanaley Jr., Kenney, Kanaley, Shelton & Liptak, L.L.P., Buffalo, NY, for Appellees.

Mary Speedy Hajdu, Burgett & Robbins, Jamestown, NY, for Appellant.

Before LEVAL, CABRANES, and STRAUB, Circuit Judges.

LEVAL, Circuit Judge.

Plaintiff Stanley Murdza appeals from the grant of summary judgment by the United States District Court for the Western District of New York (John T. Elfvin, *Judge*). The complaint alleged that plaintiff was injured when he was struck by a van. The van was being driven by the defendant Robert Zimmerman; it was under lease to defendant Brown & Williamson Tobacco Corporation ("B & W"), the employer of Zimmerman's girlfriend Margaret Scicchitano, which had entrusted the van to her; the owners of the van were defendants D.L. Peterson Trust ("the Trust") and PHH Fleet America Corporation ("PHH"), which had leased it to B & W. B & W's employee handbook restricted use of company cars to employees and their licensed spouses. The driver Zimmerman knew his use of the van was in violation of the company policy.

New York statutory law makes the owner of a vehicle liable for injuries caused by its negligent use, *with the express or implied consent of the owner.* N.Y. Veh. & Traf. Law § 388(1). Section 388(1) establishes a rebuttable presumption that a vehicle is operated with the owner's consent. *Leotta v. Plessinger,* 8 N.Y.2d 449, 461, 171 N.E.2d 454, 459, 209 N.Y.S.2d 304, 312 (1960). Under New York law, lessor and lessee are both deemed owners for purposes of Section 388. N.Y. Veh. & Traf. Law § 128.

Plaintiff moved for summary judgment against Zimmerman, the driver of the van. Judgment was granted in plaintiff's favor and is not disputed on appeal.

Defendant B & W moved for summary judgment, contending that the owner's consent, rebuttably implied by New York law, was fully rebutted by its employee handbook, expressly restricting the use of company cars to its employees. The district court agreed with B & W's contention and granted summary judgment in its favor.

Defendants lessors, PHH and the Trust, moved for summary judgment, contending that the restriction set forth in B & W's employee handbook also rebutted their implied consent. The district court accepted that argument and granted summary judgment in their favor.

Plaintiff Murdza appeals from the grant of summary judgment in favor of the corporate defendants. He contends that under New York case law, B & W's handbook restriction is deemed void as a matter of public policy when relied upon to shield a vehicle owner from liability. As to the lessors, furthermore, he contends that, even if B & W's manual relieves it of liability, they should not benefit from the restriction in B & W's handbook as they had no role in establishing that restriction and were unaware of it.

We find that the sources of New York law do not provide clear answers to the questions raised by the appeal. Because these issues involve substantial public policy considerations for the State of New York, we believe these questions would be best determined by the New York Court of Appeals upon a certification from this Court. *See* 2d Cir. R. § 0.27; N.Y. Comp. Codes R. & Regs. tit. 22, § 500.17 (2000). *See* Judith S. Kaye & Kenneth I. Weissman, *Interactive Judicial Federalism: Certified Questions in New York,* 69 Fordham L.Rev. 373, 419 (2000).

### Background

Plaintiff Stanley Murdza was injured as he was walking across the intersection of Route 219 and Jefferson Street in Ellicottville, New York on December 17, 1996. He was walking in the crosswalk with the right of way and was struck by a B & W company van driven by defendant Robert Zimmerman. The van was entrusted by B & W to Zimmerman's girlfriend, Margaret Scicchitano, a sales representative. B & W's employee handbook states: "Brown & Williamson authorizes only you [the employee] and your licensed spouse to use the Company vehicle for personal purposes . . . ." Zimmerman was aware he was not authorized to drive the vehicle: "I've always known that her company van is for her use only." Zimmerman Dep. at 18. On that day he "impulsively decided . . . to take the van" to transport an antique table he and Scicchitano had wanted to buy at a shop in Ellicottville. Id. at 22.

The vehicle was leased to B & W by PHH, a nationwide leasing company; it was titled and registered in the name of the Trust, which purchases vehicles for PHH. The lease to B & W contains no restriction as to who may drive the vehicle, nor does the documentation between the

Trust and PHH contain any such restriction. PHH and the Trust leased the vehicle to B & W without knowledge of the use restrictions contained in B & W's employee handbook.

As noted, the district court granted summary judgment in favor of the corporate defendants on the theory that an owner is not liable for negligence by one who operates a vehicle without the express or implied consent of the owner, and that B & W's employee handbook effectively established for B & W, as well as for its lessors, that Zimmerman was acting without the owner's consent.

## Discussion

A. *The effect of B & W's employee manual.*

■ The New York Vehicle and Traffic Law Section 388(1) makes every owner of a vehicle used in New York liable and responsible for injuries resulting from negligence "in the use or operation of such vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner." N.Y. Veh. & Traf. L. § 388(1), (3)[1]; *Horvath v. Lindenhurst Auto Salvage, Inc.,* 104 F.3d 540, 542 (2d Cir.1997). The corporate defendants do not dispute that each of them was an owner within the meaning of the statute. As construed by New York's highest court, Section 388 gives rise to a presumption that a vehicle is operated with the owner's consent. *Leotta,* 8 N.Y.2d at 461, 171 N.E.2d at 459, 209 N.Y.S.2d at 312. This presumption may be rebutted by substantial evidence to the contrary. *Id.; Horvath,* 104 F.3d at 542.

■ On its face, B & W's employee manual, which authorized only B & W's employee (or a licensed spouse) to use the Company vehicle for personal purposes, appears to rebut an implication that Zimmerman was authorized by B & W to use the vehicle. *See Rooney v. Myers,* 132 A.D.2d 839, 840, 517 N.Y.S.2d 627, 628 (3d Dep't 1987) (quoting *Morris v. Palmier Oil Co.,* 94 A.D.2d 911, 911, 463 N.Y.S.2d 631, 632 (3d Dep't 1983)); *see also Chaika v. Vandenberg,* 252 N.Y. 101, 104–05, 169 N.E. 103, 104 (1929); *Walls v. Zuvic,* 113 A.D.2d 936, 936, 493 N.Y.S.2d 628, 629 (2d Dep't 1985).

On the other hand, certain New York authorities can be construed to mean that such a restriction does not rebut the implication of consent or defeat the owner's liability. For example, in *Motor Vehicle Accident Indemnification Corp. v. Continental National American Group Co.,* 35 N.Y.2d 260, 319 N.E.2d 182, 360 N.Y.S.2d 859 (1974), a car rental agency, Discount, had rented a car to one Anderson under a rental agreement which provided that the vehicle would be driven only by the lessee or an adult member of his immediate family. In violation of the agreement, Anderson allowed Sills to drive the vehicle. Sills's driving caused injury to the plaintiff McMillan. Discount's insurer Continental refused to defend or indemnify the driver Sills because he was driving without Discount's permission. The Motor Vehicle Accident Indemnification Corporation appeared for Sills, paid his liability, and sought reimbursement from Continental on the theory that Discount, despite its express restriction, constructively or impliedly consented to Sills's operation of the car. The New York Court of Appeals

---

1. "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner." N.Y. Veh. & Traf. L. § 388(1). Section 388(3) adds that liability of owners "shall be joint and several."

found that Sills "was operating [the vehicle] with the constructive consent of Discount and, perforce, with the 'permission' envisioned by the provisions of section 388." *Id.* at 265, 319 N.E.2d at 185, 360 N.Y.S.2d at 863.

The Court observed that car rental agencies "rent large numbers of vehicles to the general public for profit," and therefore should be judged on a different standard from a "friendly individual [car] loan." *Id.* at 263, 319 N.E.2d at 184, 360 N.Y.S.2d at 861–62. It reasoned that "[a] slight deviation from such a restrictive lease could render an injured victim devoid of adequate protection, which is contrary to the legislative intent envisaged by section 388.... The lessor ... knew or should have known that the probabilities of the car coming into the hands of another person were exceedingly great and in these circumstances [it is] to be charged with constructive consent, which satisfies the requirements of section 388." *Id.* at 264, 319 N.E.2d at 184, 360 N.Y.S.2d at 862. Later the Court observed, "Since ... Anderson gave his consent to Sills to operate the rental vehicle, we find that [Sills] was operating it with the constructive consent of Discount...." *Id.* at 265, 319 N.E.2d at 185, 360 N.Y.S.2d at 863. The Court concluded that the restriction contained in the rental agreement "violate[s] the public policy of this State." *Id.* at 264; 319 N.E.2d at 184, 360 N.Y.S.2d at 862. It added, "Our holding is intended to further the public policy that victims of automobile accidents should have recourse to a financially responsible defendant." *Id.* at 265, 319 N.E.2d at 185, 360 N.Y.S.2d at 863. *See also Davis v. Hall,* 233 A.D.2d 906, 649 N.Y.S.2d 546 (4th Dep't 1996) (Court concluded that Hall drove with "constructive consent" of defendant Thrifty Rent a Car, where Thrifty rented the car to Johnson under an agreement that authorized only Johnson or his spouse to drive the car, and

Johnson in violation of that agreement allowed Davis to drive, who in turn permitted Hall to drive.); *Hardeman v. Mendon Leasing Corp.,* 87 A.D.2d 232, 236–38, 450 N.Y.S.2d 808, 811–13 (1st Dep't 1982).

In attempting to apply these authorities to the case before us, we face a number of questions as to which we find no clear answer.

Do the principles enunciated in *Motor Vehicle* relating to an individual retail car rental agreement apply equally where a business corporation leases vehicles for use by its employees? Should the restriction in B & W's manual be judged differently where B & W held the vehicle under lease, than would be the case if B & W owned its vehicles outright and entrusted them to its employees? Did the finding in *Motor Vehicle* that the lessor had given "constructive consent" to the use of the vehicle by a person other than the authorized renter depend on the fact that the renter knowingly permitted a third person (not authorized under the rental contract) to drive the car? If so, is it necessary to determine whether the authorized employee Margaret Scicchitano permitted her boyfriend Zimmerman to drive the vehicle or whether he took the car without her approval?

B. *The Liability of the Lessor Owner.*

■ The lease under which B & W acquired the car contained no restrictions of any kind as to who was permitted to drive. If Zimmerman's driving is deemed not to have been constructively authorized by B & W by reason of B & W's restriction in its policy manual, does B & W's avoidance of liability by the restrictions it imposed redound to the benefit of B & W's lessors, who imposed no restrictions on who was authorized to drive?

The answers to each of those questions could produce different results in this case. Our inspection of the New York statutes and interpretive case law does not tell us how the highest court of New York would answer any of them, or how the law of New York should be applied in this case. The New York decisions make clear, furthermore, that judicial interpretation of the governing statute is heavily influenced by considerations of New York's legislative policy. For those reasons, we believe it would be constructive for us to seek the answers from New York's highest court.

We respectfully certify the following questions to the New York Court of Appeals:

(1) Did the lessee Brown & Williamson effectively rebut the presumption of consent of the owner, so as to make it immune as a matter of law from imposition of owner's liability under Section 388(1) in these circumstances by reason of the restrictive provision in its employee manual?

(2) Were the lessors PHH and the Trust immune as a matter of law from imposition of owner's liability under Section 388(1) in these circumstances by reason of the restrictive provision in Brown & Williamson's employee manual?

We have stated the certified questions in a most general form because we do not know which factors the New York Court of Appeals would find determinative. The certified questions should be deemed expanded or narrowed to focus on any further pertinent questions of New York law that the Court of Appeals finds appropriate to answer. This panel retains jurisdiction and will consider any issues that remain following the Court of Appeals' decision to either provide us with its guidance or decline certification.

It is therefore ordered that the Clerk of this Court transmit to the Clerk of the Court of Appeals of the State of New York a Certificate, as set forth below, together with a complete set of the briefs, appendices, and record filed in this Court by the parties.

### Certificate

The foregoing is hereby certified to the Court of Appeals of the State of New York, pursuant to 2d Cir. R. § 0.27 and N.Y. Comp.Codes R. & Regs. tit. 22, § 500.17, as ordered by the United States Court of Appeals for the Second Circuit.