Stanley MURDZA, Plaintiff–Appellant,

v.

D.L. PETERSON TRUST, Brown & Williamson Tobacco Corporation and PHH Fleet America Corporation, Defendants–Appellees,

Robert Zimmerman, Defendant.

Docket No. 01–7047.

United States Court of Appeals, Second Circuit.

March 11, 2003.

Mary Speedy Hajdu, Burgett & Robbins, Jamestown, NY, for Appellant.

Michael J. Kanaley Jr., Kenney, Kanaley, Shelton & Liptak, L.L.P., Buffalo, NY, for Appellees.

Present: LEVAL, CABRANES, and STRAUB, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the or-

der of the district court be and it hereby is **AFFIRMED IN PART** and **VACATED IN PART.**

Plaintiff Stanley Murdza appeals from the grant of summary judgment by the United States District Court for the Western District of New York (John T. Elfvin, *Judge*). Murdza's complaint alleged that he was injured when struck by a van driven by defendant Robert Zimmerman. The van was owned by defendants D.L. Peterson Trust ("the Trust") and PHH Fleet America Corporation ("PHH"). The Trust and PHH had leased the van to defendant Brown & Williamson Tobacco Corporation ("B&W"), which in turn entrusted the van to its employee Margaret Scicchitano. B&W's employee handbook stated that use of company vehicles was restricted to employees and their licensed spouses. Zimmerman was Scicchitano's boyfriend, and he knew that his use of the van violated B&W's policy. There is a factual dispute as to whether he was driving the van with Scicchitano's permission.

New York law states that a vehicle owner who has expressly or impliedly consented to another's use of the vehicle is liable for injuries caused by its negligent use. N.Y. Veh. & Traf. Law § 388(1). It establishes a rebuttable presumption that a vehicle is operated with the owner's consent. *Leotta v. Plessinger*, 8 N.Y.2d 449, 209 N.Y.S.2d 304, 171 N.E.2d 454, 459 (1960). New York law deems both lessors and lessees as owners under § 388(1). N.Y. Veh. & Traf. Law § 128.

The district court granted summary judgment in favor of B&W, finding that its policy prohibiting unauthorized use of its vehicle rebutted the presumption of consent established by § 388. The court also granted summary judgment in favor of the Trust and PHH, finding that the B&W policy also rebutted the presumption of their consent, notwithstanding the fact that PHH and the Trust leased the van to

B&W without knowledge of the policy. Murdza appealed.

Finding that New York law did not provide a clear answer to the question whether the B&W policy rebutted the presumption of consent as to the defendants, we certified these questions to the New York Court of Appeals:

(1) Did the lessee Brown & Williamson effectively rebut the presumption of consent of the owner, so as to make it immune as a matter of law from imposition of owner's liability under Section 388(1) in these circumstances by reason of the restrictive provision in its employee manual?

(2) Were the lessors PHH and the Trust immune as a matter of law from imposition of owner's liability under Section 388(1) in these circumstances by reason of the restrictive provision in Brown & Williamson's employee manual?

*Murdza v. D.L. Peterson Trust*, 292 F.3d 328, 333 (2d Cir.2002). The New York Court of Appeals accepted certification, *Murdza v. Zimmerman*, 98 N.Y.2d 686, 746 N.Y.S.2d 687, 774 N.E.2d 752 (2002), and has rendered a decision on the certified questions. *Murdza v. Zimmerman*, 99 N.Y.2d 375, 756 N.Y.S.2d 505, 786 N.E.2d 440 (2003).

The Court of Appeals answered the first question in the affirmative, finding that B & W's employee handbook rebutted the presumption of its consent. *Murdza*, 786 N.E.2d at 441, 443–444. Accordingly, we affirm the district court's grant of summary judgment in favor of B&W.

As to the Trust and PHH, however, the Court of Appeals determined that they were not immune as a matter of law from liability by reason of the B & W policy. Their liability instead depended on whether Zimmerman had received consent from Scicchitano to operate the van and was

thus a permissive user of the vehicle. *Id.* at 444. Because there is a question of fact as to whether Scicchitano had given consent, we vacate the district court's grant of summary judgment to the Trust and PHH and remand for further proceedings.

Affirmed in part and vacated in part.