OPINION OF THE COURT
Per Curiam.
Judgment, entered on or about February 26, 2015, reversed, with $30 costs, and complaint dismissed.
Defendant rented a car from plaintiff, a self-insured company commonly known as Enterprise Rent-A-Car. The rental agreement provided, inter alia, that Enterprise furnishes “its renters and authorized drivers with minimum liability coverage” as required by the Vehicle and Traffic Law, including, as relevant herein, coverage of “$25,000 per accident for bodily injury.” Paragraph 8 of the rental agreement also required the renter to indemnify Enterprise for all damages incurred by Enterprise “in excess of the minimum dollar amounts required to be maintained” by Enterprise.
*32 On July 25, 2009, defendant, who was the only authorized driver listed on the rental agreement, loaned the vehicle to one David Cedeno. While operating the vehicle, Cedeno struck and injured Juan Castillo, a bicyclist. Enterprise paid Castillo $9,000 in settlement of his personal injury claim, then sued defendant for the $9,000 it paid to Castillo. Civil Court granted judgment to Enterprise for that amount, rejecting defendant’s argument that the antisubrogation rule bars the claim. Defendant appeals and we now reverse.
Section 388 of the Vehicle and Traffic Law states that the owner of a motor vehicle may be held civilly liable for any damage caused by the owner or any permissive user of the vehicle. Vehicle and Traffic Law § 370 requires rental car companies to provide insurance for their vehicles, including minimum liability coverage of $25,000 for bodily injury, and further requires that such insurance “inure to the benefit” of any permissive user of the vehicle (Vehicle and Traffic Law § 370 [1]). As a result of the interplay of sections 370 and 388, a rental car company such as Enterprise is prohibited from seeking indemnification from its renter “for amounts up to the minimum limited liability requirements” of the Vehicle and Traffic Law (ELRAC, Inc. v Ward, 96 NY2d 58, 73 [2001], rearg denied 96 NY2d 855 [2001]). Since the underlying claim is for a sum considerably less than the statutory minimum of $25,000, the action must be dismissed. To allow Enterprise to pass on the $9,000 cost to its insured would permit Enterprise to avoid the coverage it was statutorily bound to provide (id. at 77).
Nor is a contrary result required because, at the time of the accident, an unauthorized driver was operating the vehicle in violation of the rental agreement. In Motor Veh. Acc. Indent. Corp. v Continental Natl. Am. Group Co. (35 NY2d 260 [1974]), the Court of Appeals held that where the lessee of a rental vehicle permits another person to operate it, the rental company is deemed to have constructively consented to such use, even where the lessee violated the rental agreement by entrusting the rental car to another (see Murdza v Zimmerman, 99 NY2d 375 [2003]). “Accordingly, the fact that [defendant] was the only individual expressly authorized to operate the rental car in the case at bar does not make [Cedeno] a non-permissive user” (Lancer Ins. Co. v Republic Franklin Ins. Co., 304 AD2d 794, 796 [2003]).
Lowe, III, P.J., Hunter, Jr. and Ling-Cohan, JJ., concur.